ARMSTRONG COMPANY v. G. W. ELBERT.

Decided June 10, 1896.

1. Garnishment—Lien—Fraudulent Sale.

A creditor procuring garnishment against the fraudulent purchaser of the defend- ant debtor's property does not thereby affirm the sale and elect to pursue the debt for the purchase price, but may attach a lien upon the property itself, if still in the hands of the fraudulent purchaser.

2. Same.

A purchaser of property from a failing debtor gave his check for the price, which check was still held by the seller three days later when garnishment was served on the purchaser at suit of a creditor of the seller, but was presented and paid by the bank on the following day. Held, that the service of the writ of garnishment at- tached a lien upon the property,—it still remaining in the hands of the purchaser,— if the sale was fraudulent.

3. Sale not Fraudulent in Law.

A finding that at the time of a sale of property the buyer knew that the seller was indebted will not sustain a finding therefrom, as a conclusion of law, that the sale was fraudulent as to the creditors.

Error to County Court of Denton County.   Tried below before Hon. S. M. Bradley.

*E. M. Browder* and *McCormick & Spence*, for plaintiff in error.—The giving of a check in settlement of a debt is not a discharge of the debt until the check has been paid.   Tiedeman, Com. Paper, sec. 456; Gibson v. Bank, 98 N. Y., 87; Bills v. Bank, 89 N. Y., 343; Thompson v. Bank, 66 Texas, 156.

Under the court's findings of fact, the sale from McCormick to defendant in error being fraudulent and the goods being in the possession of garnishee when the writ was served on him, the court should have rendered judgment subjecting this property to execution in the suit of plaintiff in error against McCormick.   Rev. Stats., art. 206; Focke v. Blum, 82 Texas, 436; Harrell v. Cattle Co., 73 Texas, 612, Ash v. Akin, 2 Texas Civ. App., 83.

[No briefs for defendant in error were received.]

FISHER, Chief Justice.—*Opinion.*—Plaintiff in error sued one W. W. McCormick on a debt due by McCormick and at the same time applied for garnishment directed to the defendant in error as garnishee. The garnishee answered denying any indebtedness to McCormick, and that he did not have possession of any property belonging to the said McCormick nor did he know of any one being so indebted or having property belonging to McCormick.   It appears from the findings of the court that before the writ of garnishment was issued McCormick sold to the defendant a stock of goods, and that at the time of sale McCormick was practically insolvent, and that the defendant paid for the goods a check drawn by himself payable to McCormick, on the Exchange National Bank of Denton, for $880, which check was held by McCormick until the day after the writ of garnishment was served and was then presented to the bank and paid.   It also appears that the defendant Elbert was in possession of the goods when the writ of garnishment was served upon him.   The court also finds that at the time of the purchase Elbert knew that McCormick was indebted to other creditors, and from this fact the court concludes the sale by McCormick to defendant in error was in law fraudulent as to the creditors of McCormick, but denied the plaintiff relief upon the ground that as he pursued the remedy by garnishment he affirmed the sale and elected thereby to waive the right to attack the sale as fraudulent.   This legal conclusion of the court presents the question for decision.   The contention of the plaintiff in error is that the sale from McCormick to the defendant in error was in fraud of creditors, therefore the plaintiff in error could attack that sale and subject the property to its claim.   If the garnishment process was solely directed against the proceeds of the sale the effect would be to affirm the sale as the garnishing creditors would not be permitted to reach the proceeds of the sale and in this way obtain its

benefits and then deny its validity, but the process also runs against the property of the debtor that may be in the hands of garnishee at the time of the service of the writ and answer, and such process creates a lien in favor of the creditors upon such property.    Focke, Wilkins & Lange v. Blum, 82 Texas, 436; Harrell v. Cattle Co., 73 Texas, 612.

If the garnishee has possession of property which he has obtained from the debtor by virtue of a sale which is a fraud upon creditors, the sale, between the parties to it, is valid, but is illegal as to the creditors, and the right of the pretended purchaser in the property is inferior to the rights of the creditors, and his title will yield to the claims of the creditors.    Consequently the logic of this rule must be that, as between him and the creditors with a lien, the law will treat such property in his hands as belonging to the debtor.    Therefore we must hold that the court erred in not holding that the plaintiff could attack the sale as fraudulent and if successful enforce the lien created on the property by the garnishment process.    The court below found that the sale was in law in fraud of creditors, and reaches this conclusion solely upon the fact that the debtor was much indebted when he sold to defendant and that the defendant knew this fact or had knowledge of facts sufficient to put him upon inquiry.    There is no finding of fact as to the intention of the parties to defraud creditors.    If there had been we could have reversed and rendered in favor of plaintiff in error.    The fact that the defendant may have purchased the property from the debtor when in failing circumstances with a knowledge of his financial embarrassment does not necessarily render the sale fraudulent and void as to creditors.    Hadock Bros. v. Hill, 75 Texas, 195; Cross v. McKinley, 81 Texas, 333.    A sale by an insolvent debtor is not necessarily, by reason of that fact, a fraud upon creditors.    This would depend upon his intention and good faith in the transaction.    And if his purpose and intent was to defraud it does not necessarily follow as a matter of law that his failing circumstances, which were known to the purchaser, but who did not know of his intent and purpose to defraud, would put him upon notice of the illegal purpose.    These are all questions of fact. Judgment reversed and cause remanded.

*Reversed and remanded.*