## E. N. HEATH v. FIRST NATIONAL BANK OF CLEBURNE.

### Delivered May 7, 1898.

**1. Practice—Opening and Close.**

Where the burden of the whole case is not on the defendant, and he does not make and have entered of record before the trial commences the admission required by the rules, he is not entitled to open and conclude.

**2. Fraudulent Conveyance—Subjecting the Property to Execution.**

An execution sale of real property, the title of which was held by a person other than the execution debtor, does not divest the title out of the latter, although it was purchased in part with funds derived from the property fraudulently conveyed to him by the execution debtor, where part of the purchase price was paid out of his own funds, but the purchaser may, by proper pleadings, have the equities adjusted so as to reach the fraudulent fund that went into the land sold under the execution.

**3. Same—Parol Evidence—Ingrafting Trust.**

Parol evidence is admissible to show that a grantee in a deed holds the land in trust for a party who has paid the purchase money, or whose property has been used for that purpose, but it will not be heard to ingraft a trust upon a deed for such part of the purchase price as remains unpaid, and for which the vendee has become personally responsible.

**4. Same—Prior and Subsequent Debts.**

The merger in a judgment after the execution of a voluntary conveyance by an insolvent debtor of debts both prior and subsequent to the conveyance does not deprive the creditor of his position as a prior creditor entitled to avoid the conveyance without showing actual fraud, to the extent of the debt accruing before the con-

veyance, but he does not hold such position with reference to the other debts merged in the judgment.

#### 5. Same—Fraud as to Prior and Subsequent Creditors.

A conveyance by an insolvent debtor in consideration of love and affection is fraudulent as to prior creditors, but not as to subsequent creditors, unless at the time it was made the intent existed to defraud them, in which event it is fraudulent as to both classes of creditors.

#### 6. Same—Renewal of Notes—Prior or Subsequent Debts.

The mere acceptance of notes after a voluntary conveyance by an insolvent debtor for an indebtedness existing before such a conveyance does not deprive the creditor of the right to avoid the conveyance without showing actual fraud, in the absence of any agreement to accept the notes as a payment of the old indebtedness.

APPEAL from Johnson. Tried below before Hon. W. M. KNIGHT, Special Judge.

*J. F. Henry, Jas. W. Brown,* and *H. P. Brown,* for appellant.

*Poindexter & Padelford, English & Ewing,* and *W. F. Ramsey,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellant against appellee to recover lot 2 in block 1 and part of lot 6 in block 7, in the town of Cleburne, Texas. Appellant claims title through his father E. M. Heath. Appellee claims title to said lots under execution sale by virtue of a judgment held by it against E. M. Heath; and in answer to appellant's demand appellee alleged that when E. M. Heath deeded the land to E. N. Heath, he, E. M. Heath, was insolvent, and that the consideration was love and affection. That at the time the transfer was made E. M. Heath was owing appellee, which indebtedness was merged into the judgment under which said land was sold and bought in by appellee, and that the transfer of said land by E. M. Heath to E. N. Heath was a fraud upon appellee—it being a prior creditor.

After plaintiff had introduced his evidence as to title and *rested,* the defendant moved the court to be allowed "the right to open and conclude the case, both in the production of evidence and in the argument of the case, on the ground that the burden of proof on the whole case was on the defendant," which motion was, over plaintiff's objection, granted.

Rule 31 prescribed by the Supreme Court for the government of the district and county courts provides: "The plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the burden of proof on the whole case under the pleadings rests upon the defendant, or unless the defendant, or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial; which admission shall be

entered of record when the defendant, or the defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the cause."

The ruling of the trial court was not in accord with this rule. The burden of the whole case was not on the defendant, and defendant did not make the required admission before the trial commenced; nor was the admission entered of record. Before the defendant could avail itself of this privilege it should have complied with the rule. Not having done this, it was not entitled to open and conclude, and the court erred in so holding.

The court in paragraph 4 of its charge instructed the jury as follows: "The defendant claims title to both of these lots under execution sales and sheriff's deeds, and you are instructed that such sales and deeds were regularly made, and invested the title to each of said lots sued for in the defendant, if each of the deeds of May 13, 1891, and October 7, 1892, were fraudulently made under the instructions to be hereinafter given."

This instruction had reference to lot 2, block 1, as well as the other lot sued for. The only other instruction in reference to lot 2, block 1, is found in paragraph 10 of the charge, where, after charging on the allegation of fraud, the court closes said paragraph with this language: "Now, if you believe from the evidence that any part of the debt due to the defendant by E. M. Heath, May 13, 1891, was merged in the judgment obtained by defendant May 29, 1895; and shall further believe that at the time of executing the deed of May 13, 1891, E. M. Heath did not retain property sufficient in this State to have paid his existing debts, then you will find for the defendant as to lot 2, block 1."

It will be observed that these instructions are unqualified, to the effect that if the transfer of the lots to plaintiff by E. M. Heath was fraudulent, the jury should find for defendant as to lot 2 in block 1. The evidence shows that said lot was not conveyed by E. M. Heath to plaintiff, but that lot 2 in block 1, and part of lot 6 in block 7 were so conveyed. It also shows that lot 2 in block 1 was conveyed to plaintiff by Julius Runge in consideration of $3500, which was paid by mortgaging lot 2 in block 7 for $2200, and lot 2 in block 1 for the balance. Appellant complains of the court's charge, and makes the following contention: "It appearing that lot 2 in block 1 was purchased by the plaintiff from the Heyder heirs with $2200, the proceeds derived from a mortgage upon lot 2 in block 7, and with $1500 furnished by the plaintiff himself, and it appearing that the title to lot 2 in block 1 was never in E. M. Heath, lot 2 in block 1 was not subject to levy and sale under execution against E. M. Heath alone."

If the conveyance by E. M. Heath of lot 2 in block 7 to appellant was fraudulent as to creditors, and appellant mortgaged said lot and realized thereby the sum of $2200, which amount he paid as part of the consideration for lot 2 in block 1, it is clear that appellee would have the right to follow said fund and subject it to the payment of his debt. As said

amount of $2200 did not constitute the full consideration for lot 2 in block 1, the sale of same under execution did not divest title out of E. N. Heath, he having secured title to said lot by becoming individually responsible for the amount of the consideration above the $2200. The appellee could, however, by proper pleadings have the court to properly adjust the equities so it could reach the fraudulent fund, if any, that went into the land.

But it is insisted by appellee that E. N. Heath was acting for E. M. Heath, and the conveyance of lot 2 in block 1 was made to E. N. Heath as trustee for E. M. Heath, therefore the whole of said lot was conveyed to appellee by the sale under execution. We think this position is not tenable. Without passing upon the sufficiency of the evidence on this point, we are of the opinion that while parol evidence will be heard to show that a grantee in a deed holds the land in trust for a party who has paid the purchase money, or whose property has been used for that purpose, it will not be heard to ingraft a trust upon a deed for such part of the purchase price as remains unpaid and for which the vendee has become personally responsible.

Under a recent decision of our Supreme Court it was held that parol evidence was not permissible to show that the grantee in a conveyance of land was the agent of undisclosed principals in purchasing the land, and that such principals were liable for the purchase money remaining unpaid. Sanger v. Warner, 44 S. W. Rep., 477. So, under the facts of this case, no recovery could be had against E. M. Heath for the unpaid purchase price of lot 2 in block 1, therefore E. N. Heath stands in relation to that interest as though he had paid his own funds therefor, and the same was not subject to defendant's execution, and it did not pass by the sale thereunder.

Another contention of appellant is, that the court erred in instructing the jury to the effect, that it must appear from the testimony that none of the indebtedness of E. M. Heath was merged in the judgment recovered by defendant against him, before they could find that defendant was not a prior creditor. The proposition advanced by appellant is, "Where some of the items of the creditor's claim accrued prior to and others subsequent to the conveyance, and all these items are embodied in one judgment, and said judgment is for a prior and subsequent demand, the creditor occupies the position of a subsequent creditor, and can not attack the transfer except for actual fraud."

Aside from the merging of prior and subsequent indebtedness, the law is clear as to the rights of prior creditors where an insolvent debtor conveys his property in consideration of love and affection. Such a conveyance is fraudulent as to prior creditors, but not as to subsequent creditors, unless at the time it was made the intent existed to defraud them—in which event it is fraudulent as to both prior and subsequent creditors. The opposing parties in this case are not agreed as to whether any part of the judgment embraced a subsequent indebtedness. When E. M. Heath conveyed to plaintiff, he, E. M. Heath, was indebted to

defendant in a large sum. In addition thereto there were amounts due the bank which purported to be owing by Lee Heath and C. L. Heath, sons of E. M. Heath, respectively, which amounts defendant contends, though standing in the name of Lee and C. L. Heath, were in fact the debts of E. M. Heath; while plaintiff contends that said amounts were the individual debts of said Lee and C. L. Heath. Subsequent to said conveyance E. M. Heath and defendant adjusted their matters, and E. M. Heath executed his several four notes for all the indebtedness above mentioned, C. L. Heath signing two of them as surety. The balance remaining due on these notes was the basis of the judgment under which the land in controversy was sold. Whether the contention of appellant or that of appellee as to this matter is correct, is a question for the jury under appropriate instructions. If the contention of appellee is correct, the full amount of the judgment consisted of an indebtedness due by E. M. Heath prior to the conveyance, and if said conveyance was fraudulent, then appellee would have the right to subject the funds arising from the property so conveyed to the payment of its judgment, unless the execution of the notes by E. M. Heath above mentioned constitutes a new debt, which we will hereafter discuss. If, however, the contention of appellant, that the amounts due by Lee and C. L. Heath were not the debts of E. M. Heath, but merely assumed by him, a part of said judgment, at least, would be based on a subsequent indebtedness—which raises a question about which the authorities are not of one accord; some of them holding that the merger of prior and subsequent indebtedness in one judgment is not apportionable, and that a recovery can be had for the full amount. Esker v. Safferty, 20 Pittsb. L. J., 135; Trezevant v. Terrill, 33 S. W. Rep., 109. While others hold that such constitutes a subsequent indebtedness. Waite on Fraud. Conv., sec. 105, and notes; Bump on Fraud. Conv., sec. 506, and notes; Miller v. Miller, 39 Am. Dec., 597, see note. While yet others hold that a recovery can be had only for that part thereof that was in fact a prior indebtedness. Henderson v. Henderson, 133 Pa. St., 399.

We think the last holding accords better with reason; especially so under our blended system of law and equity. The theory is, that the vendee under a fraudulent conveyance, as to creditors, is but a trustee of the property conveyed, but as to the balance of the world he gets a good title, and if, when he receives the property, there is a burden fixed thereon by law, he would have the right to pay off same as it then existed, and we are unable to see how the act of the vendor in contracting an indebtedness subsequent thereto could increase the burden; nor do we see how the merging of such debts in the same judgment can affect the matter. As we understand the law of this State to be, there can be no trouble in apportioning the indebtedness by making the property liable for a part thereof and not for the other part.

Another point raised by appellant is, that the transaction of October 5, 1892, between E. M. Heath and appellee, in which E. M. Heath exe-

cuted his several four notes heretofore mentioned, was an extinguishment of the old indebtedness, and created a new indebtedness, by which appellee became a subsequent creditor. The weight of authority seems to be that when there is a renewal of an obligation whereby a subsequent liability is created; or, if it is understood between the parties that such renewal discharges the old indebtedness, then the renewal would create a new or subsequent indebtedness; but the mere change of the evidence of indebtedness does not affect the rights of the creditor. Porter v. Metcalf, 82 Texas, 468; Bump on Fraud. Conv., sec. 507, and authorities cited in note; 16 Am. and Eng. Enc. of Law, 862.

Whether the debt due by E. M. Heath to appellee was extinguished by the transaction between them is a question of fact to be determined by the jury from the evidence, under appropriate instructions from the court. The judgment is reversed and the cause remanded.

*Reversed and remanded.*