GREEN REA CO. *v.* HOLMAN.

(*Knoxville.*     October 5, 1901.)

1. ACTION.   *On a judgment.*

It is not a good defense to an action at law upon a judgment that the plaintiff could have proceeded effectually by execution upon the first judgment, and that the proceeding to recover a second judgment was, therefore, unnecessary and vexatious. The remedy against unnecessary and vexatious suits is by bill in equity to enjoin them.

2. SAME.   *Same.*

In an action upon a judgment the plaintiff is entitled to recover the amount of the judgment sued on, with interest from its date, and the costs of both suits, but without interest.

Code construed: § 4938 (S.); § 3921 (M. & V.); § 3197 (T. & S.)

Case cited: Gatewood *v.* Palmer, 10 Hum., 469.

---

FROM   RHEA.

---

Appeal in error from Circuit Court of Rhea County.   M. D. SMALLMAN, J.

W. B. MILLER for company.

B. G. McKENZIE for Holman.

WILKES, J.   This is an action commenced before a Justice of the Peace upon a judgment theretofore rendered by another Justice of the Peace. It was

shown that in the original judgment, upon which suit was brought in this cause, the defendant was regularly served with .process, and that a judgment was rendered June 5, 1900, in favor of the plaintiff and against the defendant for $28.76 and $1.75 cost. Upon this evidence, which was not objected to, the Justice gave judgment for $20.75, and taxed the plaintiff with the costs of the judgment before him. The Justice refused to give judgment for any interest upon the original judgment or for the costs of it, and plaintiff has appealed and assigned errors. The trial Judge was in error. He should have given judgment for the original judgment and interest upon it from the date of its rendition. He should also have taxed up the costs of the original judgment as part of the costs in the new judgment without interest, and he should have taxed the defendant also with all costs of the second judgment.

It is said the second judgment was unnecessary and vexatious ; that execution could have issued on the original judgment, and it would have been as efficacious as if issued on the new one. This may be so, but a plaintiff in an unsatisfied judgment has the right to obtain a new judgment upon it whenever he sees proper, unless perhaps he might be required to await the stay of execution, when stay had been given, or the defendant might bring suit to enjoin judgments repeated so often as to be vexatious. If the defendant desires to escape this

23 P—35

annoyance, he can do so by paying the judgment and extinguishing the cause of action. All judgments bear interest from the date of rendition, unless otherwise provided. Shann., § 4938. And when a new judgment is taken it should be for the original judgment and interest from the date of its rendition.

It is proper practice that the costs taxed upon the original judgment, if unpaid, should be retaxed in the second judgment without interest, as costs bear no interest.

The fact that these costs go to parties other than the plaintiff can make no difference. The costs of the original judgment do not go to the plaintiff in that judgment, and yet they are recovered in his name. The legal interest in the costs is in the plaintiff, and in his name and through him must they be collected, and he is liable to the parties entitled as for money paid and received to their use. *Gatewood* v. *Palmer*, 10 Hum., 469. The costs of the second judgment should be taxed to the losing defendant. This is not a matter in the discretion of the Court in such case, but is fixed by the statute. Shann., § 4938. This section is as follows: "The successful party in all civil actions is entitled to full costs, unless otherwise directed by law, for which judgment shall be rendered."

The judgment of the Court below is reversed and judgment will be entered here for the plaintiff

for $28:75, and interest since June 5, 1900, and all costs. In taxing up the cost the Clerk will include the $1.75 on the original judgment and all costs in the Court below, and in this Court in the present case.