FANNIN COUNTY NAT. BANK v. GROSS.
(No. 1856.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 7, 1917. Rehearing Denied Jan. 3, 1918.)

1. COURTS ☞247(11) — JURISDICTION — "AMOUNT IN CONTROVERSY"—"EXCLUSIVE OF INTEREST AND COSTS."

Although a garnishment proceeding under Rev. St. 1911, art. 271, is ancillary to the main action yet in view of articles 274, 293, 299, it is a suit between the judgment creditor and the garnishee, in which the "amount in controversy" affecting jurisdiction is "the amount of plaintiff's judgment, with interest and costs," and where plaintiff's judgment is less, but with interest called for on the face of the judgment exceeds, $100, Vernon's Sayles' Ann. Civ. St. 1914, art. 1589, providing the amount in controversy shall be "exclusive of interest and costs," does not apply.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy.]

2. GARNISHMENT ☞203 — THIRD PERSONS — PRIOR CLAIMS.

If, in a garnishment by judgment creditor, the intervening bank owned a beneficial interest in the money before the garnishment, it could recover, since the plaintiff's rights are not more extensive than those of defendant.

Hodges, J., dissenting in part.

Appeal from Fannin County Court.

Action by J. W. Gross against T. P. Rodgers. Judgment for plaintiff, writ of garnishment issued, and the Fannin County National Bank intervened. Judgment for plaintiff against garnishees, and intervener appeals. Reversed and remanded.

The appellee recovered a judgment in the justice court against T. P. Rodgers for $96.-28, with interest and costs, and he procured issuance of a writ of garnishment against Marshall & Lindsey, a copartnership. The garnishees answered that they were indebted to the defendant Rodgers in the sum of $133.-15. The appellant bank intervened in the

garnishment proceeding claiming all of the $133.15 in the hands of the garnishees as its own, alleging that such money was the proceeds of certain 10 hogs sold to garnishees by Rodgers as its agent, and that before the writ of garnishment was issued Rodgers had transferred and assigned such funds to the bank. A judgment was rendered in the justice court against the garnishees in favor of the plaintiff for $105.91, and the intervener appealed to the county court. In the county court a verdict was peremptorily instructed against the intervener and judgment was entered against garnishees in favor of plaintiff for $108.80 and costs of the garnishment. The intervener appeals from the judgment.

Cunningham & McMahon, of Bonham, for appellant. Rosser Thomas, C. A. Wheeler, and J. W. Gross, all of Bonham, for appellee.

LEVY, J. (after stating the facts as above). The original judgment in the justice court in favor of the plaintiff against the defendant Rodgers was for "the sum of $96.28, with 10 per cent. interest per annum thereon from date hereof, together with the costs in this behalf expended, for all of which execution may issue." The garnishment judgment in the justice court in favor of the plaintiff against the garnishees was for "the sum of $105.90, being the amount of the judgment now due and owing in the case of the plaintiff against the defendant Rodgers," and the further sum of the costs of the garnishment. The garnishment judgment only was appealed from the justice court to the county court and from the county court to this court. And the question is, In determining the jurisdictional amount of appeal to this court, shall the appealable amount be determined by the amount of the garnishment judgment, or, as contended by appellees, only by the principal amount of $96.28 of the original judgment in the justice court in favor of the plaintiff against the defendant Rodgers?

[1] It is quite true that a garnishment proceeding is incidental or ancillary to the main action against the defendant (article 271, R. S.; Simmang v. Railway Co., 102 Tex. 39, 112 S. W. 1044, 132 Am. St. Rep. 846; Holek & Co. v. Insurance Co., 63 Tex. 66; Townsend v. Fleming, 64 S. W. 1006), and that the garnishees' liability is dependent upon the judgment rendered against the defendant (Rowlett v. Lane, 43 Tex. 274; Ins. Co. v. Seeligson, 59 Tex. 3). This, though, does not cover nor affect the question of amount in controversy on the right to appeal. In a garnishment proceeding, as a remedy given by the statute to a creditor or judgment plaintiff against a third person, the nature of the plaintiff's demand against the garnishee is the entire judgment against the principal defendant. For the statute has provided (article 293, R. S.) that the judgment appropriate to the case and the complete measure of the garnishee's liability is, when he is so indebted, "the amount of the plaintiff's judgment against the defendant, with interest and costs." Thus, in effect, the original judgment recovered against the defendant in turn becomes the ground and right for judgment upon it against the garnishee. So a proceeding on the judgment in garnishment becomes in a sense a suit on a judgment debt, wherein the judgment creditor is plaintiff and the garnishee is defendant (article 274, R. S.), and wherein the liability of the garnishee may be litigated (article 299, R. S.), and judgment may be entered against the garnishee when he is indebted to the defendant. Even third persons may intervene and assert their rights. Ragsdale v. Groos, 51 S. W. 256; Turner v. Wade, 48 S. W. 542; Kelley Grain Co. v. English, 34 S. W. 651. And this judgment so entered in garnishment is so far final between the parties as to be of itself appealable. Freeman v. Miller, 51 Tex. 443; Armstrong v. Elbert, 14 Tex. Civ. App. 141, 36 S. W. 139. Thus, in effect, where the question involves the liability of the garnishee to the extent of a judgment, as here, recovered against the defendant, the entire judgment recovered in the justice court, according to its face and tenor, is, it appears, the amount in controversy as affecting appellate jurisdiction. It was so held in Hubbard v. Vacher, 26 S. W. 921. For the claim of the plaintiff to the money as against each the defendant and the intervener is to the full extent of the terms of the plaintiff's original judgment in the justice court. And here the entire original justice judgment made the ground for the garnishment judgment reads, "in the sum of $96.28 with 10 per cent. interest per annum thereon from date hereof, together with the costs in this behalf expended," which aggregates more than $100. As affecting the jurisdictional amount of appeal to this court, the "amount in controversy," it has been ruled, is the highest sum for which judgment may be rendered in favor of the plaintiff (Siensheimer v. Insurance Co., 157 S. W. 228), as sued for in the justice court (Railway Co. v. Cunnigan, 95 Tex. 439, 67 S. W. 888). And while the garnishment judgment embraces accrual interest on the original judgment from the date of its rendition and the costs of that suit, such accrual interest and costs are (in virtue of article 293, R. S.) a part of the demand of the plaintiff, like obtaining a new judgment on an unsatisfied original judgment. Green-Rea Co. v. Holman, 107 Tenn. 544, 64 S. W. 889; Siensheimer & Co. v. Insurance Co., supra. See Davis Bros. v. Railway Co., 73 Ark. 120, 83 S. W. 318, 3 Ann. Cas. 658. Article 1589, Vernon's Sayles' Statutes, providing that the amount in controversy shall be "exclusive of interest and costs," does not have application where the new judgment against the garnishee is based on

the original judgment demand of the plaintiff when interest and costs, by the terms of such original judgment, are a part of the demand. It is believed that this court has jurisdiction of the garnishment appeal in this case.

On the merits of the case error is predicated upon the action of the court in peremptorily instructing a verdict against the intervener. Upon a consideration of the evidence, in the light of the intervener's pleading, it is believed that issues of fact arise that should have been passed to the jury for decision.

[2] If, under the agreement in evidence between the bank and Rodgers, the bank owned or had a beneficial interest in the money before the garnishment, it may recover. Stillson v. Stevens, 23 S. W. 322; Bank v. Convery, 8 Tex. Civ. App. 181, 27 S. W. 828; Gardner v. Bank, 54 Tex. Civ. App. 572, 118 S. W. 1146. For a creditor stands in the same attitude in relation to a garnished fund that a judgment debtor stands, and can enforce only such rights as the debtor himself might enforce.

The judgment is reversed and the cause remanded.

HODGES, J., agrees to the result on the merits, but dissents on the conclusion as to the jurisdiction of this court on appeal.

HODGES, J. (dissenting in part). I disagree with my Associates only upon the question of jurisdiction. The essential facts upon that issue are clearly stated by Justice LEVY in the opinion of the majority. Subdivision 3 of article 1589 of the Revised Civil Statutes limits the appellate jurisdiction of this court to cases of which the county court has appellate jurisdiction when the judgment or amount in controversy or the judgment rendered shall exceed $100, exclusive of interest and costs. Since a correct judgment cannot be for more than the amount in controversy, the use of the words "or judgment rendered" appears to be surplusage. It was held by our Supreme Court in G., C. & S. F. Ry. Co. v. Cunnigan, 95 Tex. 439, 67 S. W. 888, that the expression "judgment rendered" might be construed as referring to instances where a judgment was rendered for an amount in excess of that sued for. It was also there held that the language "amount in controversy" means the sum of money or value of the thing originally sued for. The amount originally sued for in the case of Gross v. Rodgers, out of which grew this garnishment proceeding, was $96.28, exclusive of interest and costs. By the time this writ of garnishment was applied for the costs and the accumulated interest exceeded the sum of $100, and the fund garnished equaled the entire amount then due on the judgment. The question here presented is, Which of these "amounts in controversy" furnishes the true test of jurisdiction on this appeal? Evidently the test must be the same as that by which we determine the jurisdiction of the trial court, for the language of both the Constitution and the statute clearly implies that the same standards shall be applied in both instances. In the case of Simmang v. Insurance Co., 102 Tex. 39, 112 S. W. 1044, 132 Am. St. Rep. 846, the Supreme Court reviewed upon writ of error a garnishment judgment for only $341. Justice Brown, in rendering that opinion, said:

"Defendant in error filed a motion to dismiss the writ of error because the amount in controversy is within the jurisdiction of the county court and the proceeding might have been had in that court, therefore it is claimed that this court has no jurisdiction of this case. The garnishment proceeding is not an original suit but ancillary to the judgment of the district court which was rendered in favor of Simmang against Geise, being a process for the enforcement of said judgment. Therefore, the garnishment could not have been sued out from any other court than that in which the judgment was rendered. Kelly v. Gibbs, 84 Tex. 148 [19 S. W. 380, 563]; Kreisle v. Campbell, 89 Tex. 104 [33 S. W. 852]; Townsend v. Fleming, 64 S. W. 1006."

Since the jurisdiction of the Supreme Court over cases originating in the district court is limited to those over which the latter has exclusive jurisdiction, it follows from the language quoted above that the amount involved in the original controversy was relied upon to sustain the jurisdiction of that court. If that original suit had involved only $600, the Supreme Court could not have taken jurisdiction solely because it was an appeal from the district court. If the amount put in issue in the garnishment controversy, and not that involved in the original suit, supplies the true criterion, we might have the spectacle of the Supreme Court granting writs in cases falling exclusively within the jurisdiction of the county court.

Again, it is well settled that only the court that renders the original judgment can issue the writ of garnishment, and, except where the answer of the garnishee who resides in a different county is contested, that court alone has power to adjudicate the issues which arise in the garnishment proceedings. In section 16 of article 5 of the Constitution the civil jurisdiction of the county court, exclusive of probate matters, is limited to suits involving more than $200 and which do not exceed $1,000, exclusive of interest and costs. It is easy to imagine a case in which the county court has rendered a judgment for $1,000, exclusive of interest and costs, and where a writ of garnishment has been issued for the purpose of collecting the entire amount. Let us suppose, in such an instance, that the interest and costs of the original suit make the total liability of the defendant amount to $1,250. The creditor may sue out a writ of garnishment and impound a debt or other property in the hands of a third party equal in value to the entire amount due upon the judgment—$1,250. The county court

alone could issue the writ and decide the garnishment controversy, and might render a judgment for the full sum then due, regardless of the amount. If the garnishment proceedings constituted a separable controversy, within the meaning of the Constitution, where the amount in controversy must be looked to in order to ascertain the jurisdiction of the court, we should have frequent instances of a trial court taking cognizance, under statutory authority, of suits where the amount involved exceeded its constitutional limits. The fact that a third party intervenes and claims some portion or all of the fund which the creditor is endeavoring to reach does not affect the jurisdiction of the court to determine the issues involved. Instead of using an illustration where the garnishment proceedings involve more than the jurisdictional limit of the trial court, we may take one where it is less. Still the jurisdiction of the court would be equally unaffected. Article 302 of the Revised Civil Statutes is as follows:

"If the garnishee whose answer is so controverted be a resident of some other county than that in which the proceeding is pending, the plaintiff may file in any court of the county where the garnishee may reside, having jurisdiction of the judgment in the original suit, a duly certified copy of such original judgment and of the proceedings in garnishment, including the plaintiff's application for the writ and the answer of the garnishee and the affidavit controverting the same."

Article 303 provides for the trial in that tribunal of the issues thus presented. Here we have a separation of the two proceedings, the original suit and the garnishment, each pending in different courts; yet the jurisdiction of the court which may take cognizance of the garnishment contest must be determined by its power to take cognizance of the original suit. If in the latter a judgment has been rendered for exactly $200, exclusive of interest and costs, a justice court alone has power to determine the garnishment contest, notwithstanding it may involve $300. If that be true, then the same tests would logically apply when an appeal is prosecuted, for the character of the controversy is not thereby changed so as to call for a different test of jurisdiction.

A garnishment proceeding is not in fact a "suit" or a "civil case" within the meaning of the language used in the Constitution in fixing the jurisdiction of courts. "Civil cases" and "suits" as there used mean original actions or suits instituted by an aggrieved party in some court for the purpose of protecting or enforcing a legal right. A garnishment is exclusively an ancillary proceeding, having for its sole object the execution or enforcement of the judgment rendered in such original suit.

The confusion that seems to have arisen regarding the question of jurisdiction in garnishment proceedings is probably due to an apparent analogy to the statutory trial of the right of property. Writs of execution, attachment, and sequestration, like that of garnishment, are issued for the purpose of enforcing judgments for money. In the former the officer is directed to seize only the property of the party against whom the judgment has been rendered, which is ordinarily found in the possession of the defendant. The presumption being that the writ will be obeyed and levied only on property that is subject to seizure, the remaining duties necessary to collect the judgment are purely ministerial. It is only when the rights of third parties become involved that the judicial functions of the court may be invoked, and this occurs only when the officer having the writ seizes property which is claimed by some stranger to the judgment. Hence the trial of the right of property is not a necessary part of the proceedings of enforcing judgment through writs of execution, attachment or sequestration. In order to dispose of controversies arising from the seizure of property claimed by third parties, the statutory remedy of the trial of the right of property has been provided. This remedy is available only when a wrong has been committed which is sufficient in itself to justify a suit for damages against the parties responsible for the trespass. In such instances the aggrieved party may elect between two remedies, either of which will afford adequate relief. He may submit to the wrongful seizure of the property and thereafter sue for his damages, or he may pursue the statutory remedy of trial of the right of property for recovering its possession. The latter method is as much an original suit to protect or preserve a property right as the other. It is founded upon conditions in which are present all the elements of an independent cause of action. The affidavit and bond provided for in articles 7769 and 7770 of the Revised Civil Statutes as the beginning of this special proceeding constitute the pleadings through which the complaining party presents his case in court. The amount involved is measured by the value of the property levied on, and the issue to be determined is the right of the claimant to hold the property free from the writ. This presents a situation where the authority of the tribunal which decides the controversy must be determined by reference to appropriate constitutional provisions conferring jurisdiction. In garnishment proceedings the essential conditions are materially different. There the writ is issued as a notice to a third party and as a means of making him, in effect, a party defendant in the enforcement of the judgment rendered. There is no attempt to invade his rights, or to take his property for the benefit of another; the purpose being to ascertain whether or not he owes the defendant anything or has in his hands property belonging to the defendant which is subject to execution. The judgment rendered is a judicial ascertainment that one or more of the relations

above referred to exist or do not exist. If found to exist, the obligation due from the garnishee to the defendant is merely transferred to the plaintiff in the original suit, to be applied on his demand against the defendant. If those relations do not exist the garnishee is discharged. The garnishee sustains no injury and suffers no damage by this proceeding; neither is he required to resort to it in order to protect or preserve any right he may have. The proceeding is not commenced by him, but by the plaintiff in the original suit. It is not based upon any new and distinct cause of action, but is merely a method of enforcing one already established and of reaching property belonging to the defendant not otherwise accessible. What it involves in excess of the original amount for which judgment was rendered in the main suit are exclusively the interest on that amount and the costs of collecting that judgment, and these items are excluded by the statute in determining jurisdiction.

In the list of cases cited in the opinion of the majority I find but one which conflicts with the views here expressed, and that is the case of Hubbard v. Vacher, 26 S. W. 921. After diligent search I have been unable to find where that case has ever been cited with approval on that question. It seems to be wholly irreconcilable with the later cases of Simmang v. Insurance Co., referred to above, and Childress v. Harmon, 176 S. W. 154.

I am of the opinion that this court had not jurisdiction over this appeal, and for that reason that it should have been dismissed.