## COMMERCIAL NAT. BANK OF HUTCHINSON, KAN., v. HEID BROS., Inc.*
(No. 1543.)

(Court of Civil Appeals of Texas. El Paso. Dec. 13, 1923. Rehearing Denied Jan. 10, 1924.)

1. **Garnishment** <span>&#9755;</span>163 — **Judgment against principal debtor properly introduced in proceeding.**

In garnishment proceedings, judgment against principal debtor' was properly introduced as basis for judgment against garnishee, as no judgment for funds impounded by writ could be had without it.

2. **Garnishment** <span>&#9755;</span>230—**Service of writ operated to impound fund.**

Where buyer of grain, after ·paying draft therefor, brought suit against seller and attached proceeds of draft in hands of bank, service of writ of garnishment on bank operated to impound the proceeds and became a suit wherein judgment debtor was plaintiff and garnishee was defendant (Rev. St. art. 274), and liability of garnishee is determined as well as rights of third parties.

3. **Appeal and error** <span>&#9755;</span>742(1)—**Errors urged but not followed by statement not considered.**

Matters urged as error in assignments, but which are not followed by propositions or statements, are not considered.

4. **Garnishment** <span>&#9755;</span>173 — **Finding of bank's agency for drawer of draft not inconsistent with other findings.**

In suit by buyer of corn against shipper, where proceeds of draft paid by buyer were attached in bank's hands as garnishee, and on application of garnishee, bank first handling draft from shipper was made a party, a finding that first bank was agent for shipper was not inconsistent with findings that drafts were drawn through bank and deposited to shipper's credit, subject to collection, and thereafter from day to day withdrawn by shipper's checks.

5. **Bills and notes** <span>&#9755;</span>489(5)—**General denial held sufficient to admit evidence of· agency.**

In suit by buyer of corn in which intermediate bank through which draft was drawn was made garnishee of proceeds of draft paid by buyer and first bank negotiating draft claimed fund as bona fide purchaser of drafts, plaintiff's general denial was sufficient pleading to admit evidence of first bank's agency for shipper in forwarding draft.

6. **Bills and notes** <span>&#9755;</span>525—**Evidence supported finding bank was agent in forwarding drafts for shipper of corn, and not bona fide purchaser.**

In action by buyer of corn to recover amount of drafts paid by it, in which the proceeds of drafts were impounded, and in which bank first negotiating draft was made a party by garnishee, evidence of bank's inconsistent letter, institution of suit in federal court for the same money, bank's answer admitting conditional receipt and credit of drafts, *held* to show that first bank was not bona fide purchaser, but acted as shipper's agent in forwarding drafts for collection.

7. **Evidence** <span>&#9755;</span>208(2)—**Answer in subsequent suit between shipper and bank admissible in evidence as pertinent to issue between garnishee and bank.**

In action by buyer of corn to recover amounts of drafts paid by it in which proceeds of the drafts were impounded and bank first negotiating draft was made party by garnishee,‟ where facts showed shipper had subsequently instituted suit in federal court against first bank, bank's answer therein admitting receipt of and crediting of drafts to shipper's account, subject to payment, was properly admissible as pertinent to issues between garnishee and first bank as to the amount alleged to be due from garnishee to it.

Appeal from District Court, El Paso County; B. Coldwell, Judge.

Action by Heid Bros., Inc., against the Pierson-Lathrop Grain Company of Hutchinson, Kan., in which the Security National Bank of Dallas, Tex., was garnished, and the Commercial National Bank of Hutchinson, Kan., was made a party on application of garnishee. Judgment for plaintiff, and the Commercial National Bank appeals. Affirmed.

Loomis & Kirkland, of El Paso, for appellant.

Jos. U. Sweeney, W. M. Coldwell, R. B. Rawlins, and Turney, Burges, Culwell, Holliday & Pollard, all of El Paso, for appellee.

HARPER, C. J. This suit is for a fund of $5,806.38 impounded by writ of garnishment by appellee. This is the second appeal. The former opinion by this court may be found in 226 S. W. 806, and the opinion by the Supreme Court reversing for a new trial appears in 240 S. W. 908, to which we refer for a more complete statement of the transactions which are the basis of the law questions for our determination at this time than is deemed necessary in this opinion.

Heid Bros. of El Paso, Tex., ordered three carloads of corn, of a certain class and quantity, from Pierson-Lathrop Grain Company. The latter, in response to this order, shipped three carloads of corn,· and bills of lading were issued by the initial carrier to the Kansas Grain Company, consigned to the "order of the latter company, El Paso, Tex., notify Pierson-Lathrop Grain Company, El Paso, Tex." Bills were indorsed in blank by both said companies. To cover the purchase price the Pierson-Lathrop Grain Company drew three demand drafts on Heid Bros. in favor of the Commercial National Bank, or order, of Hutchinson, Kan., for the contract price. These drafts were attached to the bills of lading, and delivered to said bank, August 27, 28, and 29, 1918. The bank gave Pierson-Lathrop credit for the amounts and entered same upon their passbook issued to that company by said bank. The latter transmitted

<span>&#9755;</span>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 5, 1924.

them to Fourth National Bank of Wichita, Kan. The latter transmitted them to the Security National Bank of Dallas, Tex., and the latter to the Union Bank & Trust Company of El Paso, Tex. Heid Bros. took up the drafts and attached bills of lading from the latter bank, and received the corn from the terminal carrier.

The El Paso Bank remitted to the Dallas Bank. In response to a wire the Dallas Bank retained the funds pending settlement because the corn was not as ordered.

Thereafter Heid Bros. brought suit against Pierson-Lathrop Grain Company to recover the amount of the drafts so paid by them, together with freight and demurrage charges, alleging that the corn was inferior in quality to that ordered and that it was held subject to defendant's orders. An attachment was issued and levied upon the corn. And on the same day a writ of garnishment was issued and thereafter served on the Dallas Bank. The latter answered that it had the funds, proceeds of the drafts; that the drafts had been received for collection from its correspondent, the Fourth National Bank of Wichita, Kan., and in turn sent to the El Paso Bank, collected by the latter and remitted to it; that the funds were claimed by the defendant, Pierson-Lathrop Grain Company and the named banks; that it was unable to determine to whom the funds belonged, asked that they be brought into court, their rights determined, and garnishee protected, which was done.

Pierson-Lathrop Grain Company made no answer. The Wichita, Kan., and El Paso Banks disclaimed.

The Commercial National Bank of Hutchinson, Kan., answered upon the trial, from which this is an appeal, as hereinafter indicated, in answering the assignments of error. This is an appeal from a judgment in favor of Heid Bros., by the bank next above named.

[1, 2] The judgment in the suit of Heid Bros. against Pierson-Lathrop was introduced in this action as a basis for a judgment against the garnishee; there could have been no judgment against the latter for the funds impounded by the writ without it. And the second proposition is correct. The service of the writ of garnishment on the Security National Bank of Dallas operated to impound the funds therein, and becomes a suit wherein the judgment debtor is plaintiff and the garnishee is defendant (article 274, R. S.) and the liability of the latter determined as well as the rights of third parties to the fund. Fannin Co. Nat. Bank v. Gross (Tex. Civ. App.) 200 S. W. 187.

[3] Appellant pleaded various and sundry matters in the nature of dilatory pleas, exception, denial of the allegation in petition for writ of garnishment, plea to the jurisdiction of the El Paso court, and the sufficiency of the pleadings of garnishee to require appellant to interplead, etc., some of which are urged as error in assignments but are not followed by any propositions or statements and are not propositions themselves, so are not considered for that reason.

[4] Appellant pleaded as a predicate for recovery of the funds impounded by the garnishment the facts detailed above, and pleaded the laws of Kansas, statutes and decisions of the courts construing them, and say that the merits of this case must be determined thereby because the entire transaction took place in said state.

In this respect its assignment and proposition is that the court erred in giving judgment in favor of Heid Bros. for the funds held by the garnishee, because the evidence shows that the Commercial National Bank was the holder and owner of the drafts and bills of lading attached and had paid value therefor in good faith and in the usual course of trade, and that Heid Bros. accepted and paid said drafts, it, thereupon, became the owner of the funds so paid.

This is a correct proposition of law, and in this respect there is no difference between Kansas and Texas holdings, if the facts were as stated; but, unfortunately for appellant, the trial court found against a good-faith purchase for value, by making the following finding: "The drafts were accepted for deposit by the Commercial National Bank subject to collection." And again, "The Commercial National Bank acted as the agent for the collection of said drafts," and the Supreme Court of Texas in passing upon these identical holdings has declared that Pierson-Lathrop Company is the owner of the funds and that they, the moneys, are subject to appellee's writ in the hands of the Dallas Bank, and appellant has not asserted the laws of Kansas to be any different. But appellant says the finding of agency is inconsistent with findings 1, 2, and 4, and not supported by any evidence.

Findings 1, 2, and 4 are as follows:

"(1) The court finds as a fact that the three drafts, respectively for the amounts of $1,931.34, $1,931.34, $1,943.70, drawn by Pierson-Lathrop Grain Company on Heid Bros. in favor of the Commercial National Bank of Hutchinson, Kan., were deposited by the Pierson-Lathrop Grain Company and credited to the account of the Pierson-Lathrop Grain Company subject to collection.

"The drafts are in words and figures as follows: (Printed on end of draft: The Commercial National Bank, Capital Stock $1,000,-000. Surplus $75,000. Customer's Draft.) Through Texas' Bank & Trust Co., El Paso, Texas. Hutchinson, Kansas, Aug. 26, 1918. On demand, pay to the order of Com'l Natl. Bank $1,931.34 nineteen hundred thirty-one and 34/100 dollars. Value received. And charge the same to the account of Pierson-Lathrop Gr. Co., per Chas. G. Smith. To Heid Bros. Inc., El Paso, Texas. (Stamped on the face

with paid stamp of Union Bank & Trust Company, El Paso, Tex., September 3, 1918. On the back are the stamps of the Commercial National Bank of Hutchinson, Kan., the Security National Bank of Dallas, Tex., the Fourth National Bank of Wichita, Kan., and the cage No. 2 stamp of the Commercial National Bank.)

"Draft dated August 28, 1918, is similar in all respects to the above draft except the date and that it does not bear the cage No. 2 stamp of the Commercial National Bank.

"Draft dated August 29, 1918, is similar in all respects to above draft except the following: Date, the amount is for $1,943.70, it does not bear on the back the stamp of the Commercial National Bank, and has the stamp of cage No. 1 of the Commercial National Bank."

"(2) That said drafts were accepted for deposit by the Commercial National Bank subject to collection."

"(4) That the amounts of the drafts, together with other amounts, theretofore and thereafter deposited, were credited to the checking account of the Pierson-Lathrop Grain Company, and thereafter, from day to day, withdrawn by checks from the date of deposit of the drafts until September 6, 1918, on which date the Pierson-Lathrop Grain Company became overdrawn in its account with the Commercial National Bank of Hutchinson, Kan."

There is no inconsistency apparent to us. Finding No. 1 is simply descriptive of the paper out of which this suit grew, except the finding that papers were deposited subject to collection, and this latter is not inconsistent with the finding that appellant bank acted as agent in the collection thereof.

The third finding could properly have been included in either the first or the second; for instance, the "second" may have read: "The said drafts were accepted, for deposit by the Commercial National Bank" as agent "subject to collection." And the fourth is in no sense a finding against the relationship of principal and agent as between the grain company and the appellant bank.

[5] Again, appellant says that the question of agency is not in this case, because there is no pleading and no evidence that appellant bank took the paper for collection as agent. Appellee's general denial constitutes sufficient pleading to admit the evidence of agency. Trott v. Flato (Tex. Civ. App.) 244 S. W. 1085.

[6] As to the evidence to support the finding, soon after this suit was brought and writs of attachment and garnishment served, the cashier of appellant bank wrote to one Baum in El Paso several letters which contained such statements as the following:

"I believe that Heid Bros. are trying to make settlement with us when, as a matter of fact, this should be made direct with Pierson-Lathrop Grain Company." "Pierson-Lathrop Grain Company have brought suit against our bank for $10,000. It appears to me that this is a great injustice to our bank as we had nothing in the world to do with the quality of the corn shipped, but merely routed the drafts as we thought in the best possible manner, and have endeavored to get the proceeds for our firm here."

The president and cashier of appellant's bank testified upon this trial, and neither in any wise contradicted the statements in these letters, nor is there any denial that such was a fact. Besides, the record discloses that Pierson-Lathrop Grain Company instituted suit against the appellant for this same money in the United States District Court in Kansas, and in its answer appellant says:

"Defendant admits * * * receiving these drafts and bills of lading attached * * * and the amounts thereof deposited to the credit of plaintiff subject to the following agreement: 'All items received by this bank for deposit and credit subject to payment, reserving the right to charge back any item not paid.' "

If appellant was a bona fide purchaser of these drafts for value, when they were paid by Heid Bros., the moneys were appellant's, because Pierson-Lathrop Company already had its money. But if the drafts were taken subject to collection as agent as stated by appellant's cashier, then the proceeds belonged to Pierson-Lathrop Company, and were subject to be impounded by suit and process in the Texas courts so long as they remained in the hands of any agent.

It is a very significant circumstance in favor of the finding of agency that appellant is seeking in this suit to claim, as theirs, the proceeds of the drafts as bona fide purchasers for value and defending a suit in Kansas upon the pleading of fact that it took the drafts "subject to collection."

[7] But appellant urges that this answer in the Kansas suit was not admissible in evidence, plaintiff not offering the petition to which it was a reply, and because the "facts set forth in said answer had reference to matters transpiring between the Commercial National Bank of Hutchinson, Kan., and Pierson-Lathrop Grain Company, subsequent to writ of garnishment in this cause, * * * and they throw no light upon the issues in this cause, serve only to incumber the record, and lead the court into the error of attempting to adjust equities between the appellant and the grain company." The record does not support these reasons for the objection, and as to being pertinent to the issues in this suit the observations next above sufficiently answer in the affirmative.

Proposition 12 is:

"The Security National Bank cannot maintain its bill of interpleader, because it is not a disinterested stakeholder, having withheld funds from the Commercial National Bank prior to being served with a writ of garnishment in violation of its duty to remit, and having taken a bond from Heid Bros. to save itself harmless from loss by this breach of duty, and there being in this record issues joined between it and the Commercial National Bank as to the

amount due by it to the Commercial National Bank."

This clearly is a matter between the two Banks named, and with which appellee is not concerned in this action. And in this connection appellant urges that the garnishee is not entitled to judgment for $250 attorneys' fees for filing answer because it is not a disinterested stakeholder, having withheld funds from the Commercial National Bank prior to being served with writ of garnishment in violation of its duty to remit, etc. There is no issue of this sort raised by the pleadings.

Finding no error, the cause is affirmed.