CANTWELL et al. v. WILSON et al.

No. 9972.

Court of Civil Appeals of Texas. Austin.

June 13, 1951.

Yelderman & Martin, Austin, for appellants.

J. Arthur Sandlin, Austin, for appellee.

GRAY, Justice.

On January 31, 1950, a jury returned a verdict favorable to appellee, R. C. Wilson, in his suit against Jim Cantwell for debt. At that time Jim Cantwell was the owner of 100 acres of land not his homestead. On February 1, 1950, by deed of that date, Jim Cantwell and wife, Lester Annie Cantwell, conveyed this land to their son, Bill Cantwell, for the recited consideration of $10 and the assumption of the payment by him of one promissory note for $2,944. On February 3, 1950, a judgment on the jury's verdict was rendered in favor of Wilson against Jim Cantwell for $559.90. This judgment became final. On March 10, 1950, Bill Cantwell conveyed the 100 acres of land to A. E. Massengale and received $2,100 for his equity in the property. The major part of this $2,100 was deposited in the Capital National Bank to the account of Bill Cantwell, but later the account, then amounting to $1,175, was changed from the name of Bill Cantwell to the name of Lester Annie Cantwell.

Appellee Wilson filed his application for a writ of garnishment against the bank, wherein he alleged: his recovery of the above judgment; that it was a valid and subsisting judgment, was wholly unsatisfied, and that Jim Cantwell did not, within affiant's knowledge, have in his possession within this state property subject to execution sufficient to satisfy said judgment. He further alleged that he had reason to believe, and did believe, that said bank had in its hands effects belonging to Jim Cantwell, and further alleged that any account in said bank in the name of Lester Annie Cantwell, Mrs. Lester Annie Cantwell, or Mrs. Jim Cantwell, was in fact effects belonging to the community estate of Jim Cantwell and his wife, Lester Annie Cantwell, and was subject to the writ of garnishment applied for. A writ of garnishment issued, was served on the bank, and the bank answered that it had no effects of Jim Cantwell, but that it was indebted to Lester Annie Cantwell in the sum of $800.

Bill Cantwell intervened, claimed the $800 as his own, and alleged he deposited the funds in said bank in his mother's name because he could not read and write and that his mother could. Jim Cantwell disclaimed any interest in the deposit. Lester Annie Cantwell denied that the funds constituted any part of the community estate of herself and husband. R. C. Wilson denied that the $800 was the property of Bill Cantwell; alleged that the deed to Bill Cantwell was a fraudulent conveyance as to him, was fictitious and void, and that the $800 was community property of Jim Cantwell and Lester Annie Cantwell.

Upon a nonjury trial the court rendered judgment in favor of R. C. Wilson against the garnishee bank for the amount of his judgment, interest and costs. The three Cantwells have appealed.

Findings of fact and conclusions of law were not requested and none were filed.

Appellants admit that the evidence is sufficient to support a finding by the trial court that the sale of the land to Bill Cant-

well was made for the purpose of hindering and delaying the collection of appellee's judgment against Jim Cantwell, and they make no contention that the $800 on deposit in the bank is not a part of the proceeds of the sale of the 100 acres of land to Massengale, but they do contend that the $800 is in fact the property of Bill Cantwell, or that it is the separate property of Lester Annie Cantwell.

Appellants do not question the sufficiency of the application and affidavit for garnishment.

If the sale of the land by Jim Cantwell and wife to Bill Cantwell was made for the purpose of hindering and delaying appellee in the collection of his debt, which admittedly the trial court found as a fact, then as to appellee it was void. Articles 3996 and 3997, Vernon's Ann.Civ. St. And when Bill Cantwell sold this land to Massengale, he conveyed property the title to which, in law, remained in Jim Cantwell for the benefit of his creditors, and the proceeds of the sale were subject to garnishment by the creditors. Owosso Carriage & Sleigh Co. v. McIntosh & Warren, 107 Tex. 307, 179 S.W. 257, L.R.A.1916 B, 970. The right of the creditor to follow property fraudulently conveyed by the debtor and to subject the proceeds of its sale, by garnishment, to the payment of the creditor's debt is well established. Holloway Seed Co. v. City Nat'l Bank, 92 Tex. 187, 47 S.W. 95; Heath v. First Nat'l Bank, 19 Tex.Civ.App. 63, 46 S.W. 123; Hobbs v. Downing, Tex.Civ.App., 147 S.W.2d 284; Harrisburg Nat. Bank v. Geo C. Vaughan & Sons, Tex.Civ.App., 204 S.W.2d 9; 20 Tex.Jur., p. 390, Sec. 28; 37 C.J.S., Fraudulent Conveyances, § 32, p. 883. And the creditor could, in the garnishment proceeding, attack as fraudulent the sale to Bill Cantwell. Armstrong Co. v. Elbert, 14 Tex.Civ.App. 141, 36 S.W. 139.

Appellants complain that the trial court erred in not holding that the $800 on deposit with the garnishee bank was the separate property of Lester Annie Cantwell.

The evidence shows the deposit in the bank was first in the name of Bill Cantwell. He testified that the $800 was his, and said that because he could not read and write, and because he got nervous, he turned it over to his mother, because she could read and write and "could let him have the money when he wanted it." Lester Annie Cantwell did not testify. Under Article 4622, Vernon's Ann.Civ.St., the presumption would be that the money was the separate property of Lester Annie Cantwell, but the presumption does not prevail when the attacking creditor discharged his burden of proof by introducing evidence to the contrary. Hoffer v. Eastland Nat'l Bank, Tex.Civ.App., 169 S.W. 2d 275. It being established that the $800 was proceeds from the sale of the land fraudulently conveyed to Bill Cantwell, the claims of both Bill Cantwell and Lester Annie Cantwell would be subordinate to the claim of appellee.

Appellee being the holder of a valid unsatisfied judgment against Jim Cantwell, and having made the affidavit required by Sec. 3 of Article 4076, Vernon's Ann.Civ. St., and Rule 658, Texas Rules of Civil Procedure, the issuance of the writ of garnishment was authorized even though appellee had not caused an execution to issue on his judgment. The remedy by garnishment is purely a statutory remedy, and since neither the statute nor the rule, both supra, requires that execution issue or that it be returned before the writ may issue, appellant's contention that appellee could not subject the $800 to his demand without showing that execution had issued against Jim Cantwell and had been returned nulla bona is overruled.

We have already said that the $800 was, in law, the property of Jim Cantwell (or community property of himself and wife). In either event, the same not being exempt, it was subject to the payment of appellee's debt, and the judgment rendered by the trial court was proper. Rule 668, Texas Rules of Civ.Proc.

The judgment of the trial court is affirmed.

Affirmed.