IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 10, 2005 Session

# IN THE MATTER OF EUGENE BURNETT ELLIS v. JERRY GLENN ELLIS AND SARAH L. KERLEY, GLEN C. SHULTS, Guardian Ad Litem

**Direct Appeal from the Chancery Court for Cocke County**
**No. 03-038        Hon. Telford E. Forgety, Jr., Chancellor**

---

**No. E2004-02346-COA-R3-CV  - FILED MAY 24, 2005**

---

The Trial Court awarded fees to the Guardian Ad Litem who asked the Trial Court to award him fees and costs for collecting the initial award.  The Trial Court refused. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Glen C. Shults, Asheville, North Carolina, *pro se*.

Sarah L. Kerley, Glendale, California, *pro se*.

## MEMORANDUM OPINION[1]

In this case appellees petitioned the Trial Court to appoint a conservator for Eugene

---

[1] Rule 10 Memorandum Opinion,

(b)  This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION,"  shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

.

Burnett Ellis.  The Trial Court appointed attorney Glen C. Shults, as Guardian Ad Litem for the respondents, and upon appointing a conservator for the respondent, awarded fees in the amount of $4,371.95 to the Guardian Ad Litem, which was part of the cost taxed against the petitioners, appellees herein.

Since the Trial Court did not tax these costs against the estate, appellant Shults essentially asked the Trial Judge to award him additional fees for the time and cost incurred in collecting his judgment, which the Trial Court refused.

Shults has appealed and argues that Tenn. Code Ann. § 34-1-112 supports his position.  The section reads as follows:

> **34-1-112.  Compensation to fiduciary. -** The fiduciary may receive reasonable compensation for services rendered.  The court shall set the actual compensation to be paid, taking into account: the complexity of the property of the minor or disabled person; the amount of time the fiduciary spent in performing fiduciary duties; whether the fiduciary had to take time away from the fiduciary's normal occupation; and whether the services provided the minor or disabled person are those the fiduciary should normally have provided had there been no need for a fiduciary, and such other matters as the court deems appropriate.  No person, other than a person performing temporary fiduciary services while a proceeding is pending, who has not been appointed by the court to serve as a fiduciary shall receive any compensation for fiduciary services; however, this does not preclude payment for the necessary care of the minor or disabled person.  No compensation to the fiduciary shall be paid without prior court approval.

We do not read this section as authorizing the Court to award the costs and fees requested by appellant.[2] The award of attorney's fees in this case has become a judgment like other judgments, and when a suit is brought to collect a judgment, the recovery allowed is the amount of the original judgment with interest.  *Green-Rea Co. v. Holdman*, 64 S.W. 889, 107 Tenn. 544 (Tenn. 1901).

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the appellant.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[2] 34-1-112 authorizes compensation "for services rendered".  The compensation sought herein is not for services rendered the ward or estate.