## ARMINGEN et al. v. MARTIN et al.
### (No. 940.)

(Court of Civil Appeals of Texas. Beaumont.
May 15, 1923. Rehearing Granted
June 6, 1923.)

**1. Appeal and error ⟪232(3)⟫—Objection to charge not made at trial need not be considered.**

An assignment of error to the charge defining partnership need not be considered where the contention under the assignment and proposition thereunder was different from the objection to the charge made before it was given.

**2. Appeal and error ⟪672⟫—Not every affirmative error in charge is fundamental.**

The rule of fundamental error apparent on the face of the record does not apply to every charge that may be affirmatively erroneous.

**3. Appeal and error ⟪216(2)⟫—Charge defining partnership held not affirmatively erroneous.**

A charge defining partnership as a combination of two or more persons engaged in a common enterprise, sharing the profits thereof, was not affirmatively erroneous, but was correct so far as it went; and, if defendants desired a fuller definition to show that the share in the profits must be in them as such, and not as compensation for services, they should have requested a charge embodying such definition, and, having failed to do so, their assignment of error to the charge as given will be overruled.

#### On Motion for Rehearing.

**4. Husband and wife ⟪264⟫—Evidence held to sustain jury's finding deposit in wife's name was community property.**

Evidence *held* to sustain the jury's finding that a deposit in a bank made in the former name of a wife was community property, and therefore liable for the husband's debts.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by Adelaide B. Martin and her husband against F. E. Pye, Charles Armingen, and Leona Armingen. Judgment for plaintiffs against Pye and Charles Armingen, and sustaining garnishment against a deposit in the name of the other defendant as community property, subject to her husband's debts, but denying personal judgment against Leona Armingen, and defendants Charles Armingen and Leona Armingen appeal. Affirmed.

J. V. Meek and H. E. Kahn, both of Houston, for appellants.

Warren & Conn, of Houston, for appellees.

HIGHTOWER, C. J. Mrs. Adelaide B. Martin, joined by her husband, filed this suit in one of the district courts of Harris county against F. E. Pye, Charles Armingen, and Leona Armingen, as defendants, the plaintiffs alleging that defendants were partners in the real estate business in the city of Houston at the time of the transactions made the basis of plaintiffs' suit, and that defendants operated as such partnership under different firm names at different times, one of which names was Houston Real Estate & Loan Corporation. The allegations of fact in the plaintiffs' petition showing the transactions between plaintiffs and defendants, upon which this suit was based, were substantially as follows:

Plaintiffs alleged that about the 3d day of February, 1921, the defendants, as a partnership, contracted to build a house for the plaintiffs in the city of Houston for a consideration of $900; that the house was to be completed and ready for occupancy within 40 days from the date of the contract; that on said date plaintiffs gave their check to defendants for one-half of the consideration to be paid for the house, to wit, $450, and promised to pay the other $450 to defendants when the house should be completed and ready for occupancy. Plaintiffs further alleged that on the 18th day of February following defendant Pye represented to plaintiffs that he had two lots in another part of the city of Houston that were for sale by him, but that they belonged to a client of his, and that, if the plaintiffs would put up with him (Pye) $500 with which to buy said lots, he would sell the lots for plaintiffs at a profit of $350 within a few days; that plaintiffs inspected said lots, and concluded to accept Pye's offer, and agreed to put up with him for the purchase of the lots $450 if he (Pye) would put up the other $50; that this was agreed to by Pye, and plaintiffs gave him their check for $450, and that Pye shortly thereafter cashed the same, but never at any time bought said lots, or either of them, and declined to return to plaintiffs the money furnished him for that purpose. It was further alleged that defendants also refused to build the house under the contract of February 3d, but nevertheless refused to return to plaintiffs the $450 that they had paid defendants for the construction of the house, as before stated. Plaintiffs alleged that defendants had no intention, at the time of making said contracts with plaintiffs, of performing either of them, and that they were simply made by defendants for the purpose of defrauding plaintiffs out of their money.

It was alleged further by plaintiffs that, if defendant Leona Armingen was, in fact, the wife of Charles Armingen, nevertheless, she was estopped to claim her coverture as a defense to plaintiffs' action, for the reason that by her conduct and representations she had aided and assisted her codefendants to perpetrate the fraud upon plaintiffs and other people generally, and was therefore liable to plaintiffs, regardless of her coverture.

---

⟪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The prayer was for judgment against each of the defendants for the amount of money obtained by them from plaintiffs, as before stated, with interest thereon from the date it was so obtained.

Defendant Pye filed no answer, but Charles Armingen and Leona Armingen filed a joint answer, consisting of a general demurrer and general denial, and each specially denied the existence of any partnership between themselves and the defendant Pye, and each specially alleged that they were working for Pye as employés only, and for a salary, and denied any liability or responsibility for any acts committed or representations made by the defendant Pye.

The case was tried with a jury, and the issues made by the pleadings and evidence were submitted to the jury as special issues, in response to which the jury found in favor of the plaintiffs as to all the issues submitted, with the exception of that as to whether Charles Armingen and Leona Armingen were, in fact, husband and wife, and this issue was determined in their favor.

After this suit was filed by the plaintiffs they also filed a garnishment proceeding, in which the Lumbermen's National Bank of the city of Houston was named as garnishee, in which it was claimed that the bank had money in its possession which was the community property of defendants Armingen and wife, if they were, in fact, husband and wife, 'and in this proceeding the bank filed its answer, in which it admitted that it had on deposit money which was deposited in the name of and which was held by it as a deposit made by Mrs. L. M. Lewis, but that the bank did not know, in fact, the true owners of the money, etc.

It might be well to state here that the undisputed record in this case shows that Mrs. Armingen's first husband was named L. M. Lewis, and the facts show that in her separate business transactions and accounts she used the name of her former husband, and signed herself as Mrs. L. M. Lewis, even after her marriage to Charles Armingen.

After the verdict was returned the court, upon motion of the plaintiffs, entered judgment in their favor against defendants Pye and Charles Armingen for the sum of $945, with interest thereon from the date of the judgment at the rate of 6 per cent. per annum and all costs of suit, and the court also entered judgment in favor of plaintiffs in the garnishment proceeding against the bank for the sum of $913.60, upon the theory that such money was community property of Charles Armingen and Leona M. Armingen, and that the plaintiffs recover the same as against said defendants; but no personal judgment was rendered against Mrs. Armingen.

After their motion for new trial had been overruled Armingen and wife prosecuted an appeal to this court, assigning a number of errors which they claim should reverse the judgment.

By the first assignment of error appellants challenge the correctness of the definition of "partnership," as contained in the court's charge to the jury. That definition was as follows:

"Partnership is a combination of two or more persons engaged in a common enterprise, sharing the profits thereof."

[1] The proposition under the assignment is as follows:

"Such charge is erroneous and misleading, and is an incorrect proposition of law, and especially in a case where the only testimony offered in any way tending to show the partnership was by the plaintiff, who testified that the defendant referred to F. E. Pye, his codefendant, as his 'partner,' all of the other testimony showing that the defendant was not a partner, but was a hired man on a guaranteed salary, but his pay was actually to be 50 per cent. of the commissions earned on sales made by him, the defendant in his pleading having denied a partnership under oath."

It is appellants' contention, under this assignment and proposition, that—

"There can be no business partnership until there is a joint interest in the profits of the business as profits, and not merely as compensation for services."

[2, 3] Appellants objected to the definition of partnership contained in the court's charge, as above shown, before the charge was read to the jury, but the objections to the charge then made were quite different from the objections now made to it in the assignment of error, and for that reason we might decline to further consider the assignment, but overrule it for the reason that only such objections as were urged to the charge in the trial court could be urged by appellant here. Appellants, however, contend that the definition of partnership, as given by the court, was affirmatively erroneous, and was therefore fundamental error apparent upon the face of the record, and that this court should consider it, regardless of the difference between the objections made to the charge in the trial court and that made here, or whether there was any objection made thereon to the charge in the trial court. We do not understand that the rule of fundamental error applies to every charge that might be affirmatively erroneous. True, our Supreme Court has held that a peremptory instruction for a party to a litigation ought to be treated as fundamental error apparent upon the record; but it does not follow from such holding that the rule of fundamental error can be invoked as to any erroneous charge, not excepted to at the proper time in the trial court. Waiving this point, however, it is our conclusion that the definition of partnership contained in the court's charge, as we have shown it above, was not affirmatively erro-

neous, and, if correct as far as it went, it was appellants' duty, if he desired a fuller definition of partnership, to prepare and present to the trial court such a definition, and request that it be given to the jury. This was not done. We therefore overrule the first assignment.

By the second and fifth assignments appellants attack the finding of the jury that the relation of partnership existed between Pye and themselves on the ground that the finding was wholly without support in the evidence, or at least so opposed by the great and overwhelming weight of the evidence as to be clearly wrong. The statement of facts is quite voluminous, especially in a case of this nature and magnitude; but we have gone through the entire statement, and have reached the conclusion that the evidence was sufficient to warrant the finding of the jury challenged by these assignments, and the same are overruled.

The fourth assignment attacked the verdict and judgment on the ground that the evidence was wholly insufficient to warrant the jury in finding, as they did, that the money on deposit in the Lumbermen's National Bank, which stood in the name of Mrs. L. M. Lewis, was community property of Charles Armingen and Leona Armingen, his wife. This contention has also had our careful consideration, and we have gone through the entire statement of facts in that connection, and have reached the conclusion that this assignment must be sustained. We shall not attempt to go into detail in disposing of this contention, as it would serve no useful purpose to do so. Mrs. Armingen testified most positively that this money was her separate property, and showed the sources from which it came. Part of it was the proceeds of the sale of furniture which the undisputed record shows was her separate property prior to her marriage to Armingen, and part of it was the proceeds of jewelry that was her separate property before she married Armingen, and part of it was money representing damages that were awarded her for personal injuries to herself, which, under the law of this state, was her separate property. In reaching our conclusion on this point, we have not been unmindful of the fact that Mrs. Armingen was an interested witness in this case, and we fully understand the rule that obtains in weighing the testimony of such a witness. At the same time, it is manifest that the appellees relied solely upon circumstances to dispute the positive testimony of Mrs. Armingen on this point, and most of these circumstances were very weak and of little probative force. The most that can be said, as we read and understand all the evidence on this point, is that possibly the issue of fact touching the character of this money, that is, as to whether it was community property, was raised. But the finding of the jury on the issue, when all of the evidence is considered, seems to be so opposed to the evidence as a whole bearing on the point that we feel that it is our duty to set the verdict aside and remand the cause for another trial upon that issue. If upon another trial the evidence upon this issue should not be materially strengthened in favor of the appellees' contention, the trial judge should instruct a verdict in favor of Mrs. Armingen.

While we have not specifically mentioned other assignments of error in appellants' brief, we have considered them, and have concluded that none of them can be sustained, but should all be overruled.

The judgment of the trial court in all other respects ought to be affirmed; and it has been so ordered.

Judgment in part affirmed and in part reversed, and cause remanded.

### On Motion for Rehearing.

[4] At a former day of the present term we ordered that the judgment in this case be in part affirmed and in part reversed, and the cause remanded. After careful consideration of appellees' motion for rehearing we have concluded that we were in error in reversing the judgment in any respect, but think, on the contrary, that the judgment should be affirmed in toto. Counsel for appellees did not point out in his original brief in this case with that clearness of which he is capable several facts and circumstances reflected by the record tending to sustain the trial court's judgment in the respect in which we reversed it.

In his motion for rehearing this has been done, and we have concluded that the motion ought to be granted, our former order of reversal in part be set aside, and the judgment of the trial court be affirmed; and it has been so ordered.