## COCHRAN v. HALL et al.

(Circuit Court of Appeals, Fifth Circuit. November 19, 1925.)

No. 4507.

**1. Vendor and purchaser ⟪351(1)⟫—Purchaser suing held not entitled to damages for loss of rent nor expense of clearing land.**

Purchaser suing vendor for damages for failing to irrigate land as agreed was not entitled to damages for loss of rent nor for expense of clearing land.

**2. Damages ⟪89(2)⟫—Exemplary damages not allowed in Texas for breach of contract, in absence of independent tort.**

Exemplary damages are not allowed in Texas for breach of contract, in absence of independent tort or wrong causing additional injury.

**3. Damages ⟪89(2)⟫—Purchaser's petition, seeking damages for vendor's breach of agreement to irrigate, held not to authorize exemplary damages.**

Allegations of purchaser's petition that he was induced to purchase by vendor's agreement to drill well and irrigate land, and that vendor failed to perform, held insufficient to authorize exemplary damages under Texas rule.

**4. Limitation of actions ⟪127(18)⟫—Amendment of petition increasing amount of damages sought did not state new cause of action.**

Amendment of petition increasing amount of damages sought, so as to give federal court jurisdiction, did not state new cause of action, and was not barred because filed after period of limitation expired.

In Error to the District Court of the United States for the Western District of Texas; W. R. Smith, Judge.

Action by A. D. Cochran against Mrs. John Hall (formerly Mrs. D. A. Dodds, a feme sole) and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Reuben M. Ellrd, of El Paso, Tex. (W. T. Brothers, of El Paso, Tex., on the brief), for plaintiff in error.

Henry Russell, of Pecos, Tex. (J. A. Drane, of Pecos, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The original petition alleges that plaintiff purchased from defendants 40 acres of land and agreed to pay therefor $4,400, of which $2,200 was immediately paid and the balance secured by vendor's lien notes; that the land was desert in character, and without a sufficient supply of water for the purpose of irrigation its value did not exceed $200; that the inducement to plaintiff to purchase was an agreement by defendants to drill a well and irrigate the land; that, if defendants had carried out their agreement, the land would have been worth $125 per acre, or $5,000, but that defendants wholly failed to drill a well or supply water for irrigation. The damages claimed were as follows: The difference between the value of the desert land and the same land if it had been irrigated, $4,800 less the deferred payments of $2,200, or $2600; loss of a reasonable rental value if the land had been irrigated and improved as agreed, $400 per year for 4 years, or $1,600; loss to plaintiff of expenses in clearing and improving the land in anticipation of its being irrigated, $600; exemplary damages, $14,400.

The District Judge sustained exceptions to all items of damage, except the one for $2,600 representing the difference in the market value of the land as it is and as it would have been if it had been irrigated. The result of this ruling was to reduce plaintiff's claim below the jurisdictional amount of $3,000. Plaintiff amended his petition so as to allege that the value of the land if it had been irrigated would have been $200 per acre, or $8,000, and thus claimed damages within the jurisdiction of the District Court; but this amendment was not made until it would have been barred as an original cause of action by the Texas statute of limitations.

[1-4] Exceptions were sustained, on the ground that the amended petition states a new cause of action that was barred by the statute. Plaintiff did not sue to rescind the contract, and damages for loss of rent were properly disallowed; for to permit him to keep the land and also to claim for rent would be to allow a double recovery. For the same reason, expenses incurred in clearing the land were not recoverable. In Texas exemplary damages are not allowed in an action for breach of contract in the absence of an independent tort or wrong which causes additional injury. Houston & T. C. R. Co. v. Shirley, 54 Tex. 125, 141, 147. The allegations of the petition are insufficient to authorize exemplary damages under this rule. The result is that the original petition claimed damages of only $2,600, which is less than the amount requisite to confer jurisdiction upon the District Court. But the amended petition seeks recovery of an amount adequate to give the court jurisdiction. It is upon the same cause of action. A new cause of action is not stated, by reason of the fact that the amended petition places a higher valuation than does the original petition upon the land, had it been improved according to the contract. See Newberry v. Central of Ga. Ry. Co. (C. C. A.) 276 F. 337.

The question whether the amendment was merely colorable is not before us, as the opinion of the District Judge discloses that the suit was dismissed because in his view the amended petition asserts a new cause of action which was barred by the statute of limitations.

The judgment is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.