H. J. TANNER V. JOHN R. DRAKE.

No. 6239. Decided January 23, 1935.
(78 S. W., 2d Series, 163.)

*Wm. N. Bonner* and *Virgil Childress,* both of Wichita Falls, for plaintiff in error.

John Drake, as manager of casing crew, was not an independent contractor but was an employee of Campbell & Byrd Investment Company. Aetna Life Ins. Co. v. Culvahouse, 10 S. W. (2d) 803, writ of error dismissed by Supreme Court, 120 Texas, 643; Dato v. Geo. W. Armstrong & Co., 245 S. W., 955.

Tanner was not a partner but an agent and employee of Campbell & Byrd. Fink v. Brown, 215 S. W., 846; Buzard v. First Natl. Bank of Greenville, 67 Texas, 83, 2 S. W., 54; Bradshaw v. Apperson, 36 Texas, 133.

*Blanton, Blanton & Blanton,* of Abilene, for defendant in error.

John Drake was an independent contractor. McLeod v. Security Ins. Co., 22 S. W. (2d) 952; Standard Oil Co. v. Anderson, 212 U. S., 215.

H. J. Tanner was, in law, a partner with Campbell & Byrd. Authorities same as above.

MR. JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

A full report of this case appears in 47 S. W. (2d) 452; after fully considering the record and briefs, we conclude that a correct disposition thereof was made by the Court of Civil Appeals.

Writ of error was granted on the application of H. J. Tanner (none of the other parties having applied) on his first assignment of error as follows:

"1. The Honorable Court of Civil Appeals erred in overruling and in failing to sustain Assignment of Error 4, reading:

" 'The Court erred in failing and refusing to give in charge to the jury the peremptory instruction requested by the defendant H. J. Tanner, because said defendant having denied under oath any partnership between himself and Campbell and Byrd or any one else, and there being no evidence of probative force of such partnership (but on the contrary the evidence conclusively showing that there was no such partnership), said

peremptory instruction should have been given, discharging said defendant.' "

The Court of Civil Appeals disposed of this contention, as follows:

"After a careful consideration of all the facts, in the light of the authorities, we have decided that the trial court did not err in overruling the request of appellant Tanner for a peremptory instruction based upon the contention that there was no evidence authorizing the submission of the issue of partnership, to the jury. Since the case as to this appellant, must be retried, for reasons hereinafter disclosed, we shall not discuss this evidence further than to state that, while it is not satisfactory, still it should not be held that no evidence whatever upon the subject exists. It has been often held that the fact of sharing in profits is some evidence on the question of partnership."

█ It was, as said by the Court of Civil Appeals, undisputed in the evidence, that Tanner shared in the profits, if any, from the drilling operations of Campbell & Byrd Investment Company. He was general manager and handled the business of the concern, obtained and paid for their insurance, collected accounts, paid bills and had general control over its operations. Campbell and Byrd lived in Los Angeles, California. Tanner carried a bank account, opened in December, 1928, in his own name, an account opened in August, 1929, to the credit of H. J. Tanner, Agent, and in July, 1930, opened an account to the credit of Campbell & Byrd; over all said accounts he exercised supervision and checks against which were paid upon his signature. He deposited and withdrew the firm's funds in all those accounts. He employed and paid the employees. He testified that he received all the money "that came in" in the Campbell & Byrd Investment Company business that was done in Shackelford County and "put the money in my account in the bank."

It is true, Tanner testified that he never owned any property with Campbell & Byrd, never claimed partnership with them and does not know that they ever claimed partnership with him. The money for the drilling of the well on which Drake was injured, was paid to Tanner and he placed the same to his own credit in bank and withdrew it on his own checks. He also testified, referring to his understanding with Campbell and Byrd, "the original agreement was that I lost when they lost and made a profit when they made a profit."

The Court of Civil Appeals reversed the judgment below, because of error in the trial court's charge defining "partner-

ship" as "where two or more persons unite money or skill and service or both, in a joint enterprise, having a community interest in the profits. Where one person advances funds and another furnishes his personal skill in carrying on the business and is to share in the profits, it is a partnership."

■ The Court of Civil Appeals correctly held that the charge erroneously omitted an essential element of a partnership, viz.: a community of profit, an interest in the profits as profits, as distinguished from an interest therein as compensation.

Tanner himself, an interested party, alone testified in denial of the partnership, but there were other circumstances, some detailed above, supporting the contention that he was a partner in the business carried on in the name of the Campbell & Byrd Investment Company, if indeed not the dominant figure in the firm's operations.

■ A question of fact supported, we think, by sufficient evidence to go to the jury, was raised. The jury had the right to pass on the credibility of Tanner's testimony and disregard it altogether, as said in Houston E. & W. T. Ry. v. Runnells, 92 Texas, 305, 47 S. W., 971. To the same effect, see Pope v. Beauchamp, 110 Texas, 271, 219 S. W., 447, where, as here, the charge of the court presented harmful error necessitating a remand instead of affrmance of the district court on an issue; West Lumber Co. v. Goodrich, 113 Texas, at p. 20, 223 S. W., 183; Spencer v. Pettit, 2 S. W. (2d) 422 (Com App.); Poulter v. Miller, 221 S. W., 965 (Com. App.); 17 Texas Jur., p. 896.

What is said above, likewise adversely disposes of plaintiff in error's fourth assignment to the effect that the peremptory instruction requested by Tanner should have been granted because he denied under oath any partnership with Campbell and Byrd and because the evidence showed as a matter of law that he was not a partner with, but only an agent and employee of Campbell and Byrd.

Plaintiff in error's second and third assignments are based on the premise that Drake was not an independent contractor but an employee of Campbell and Byrd, who carried workmen's compensation insurance and his right of action was against the insurer. Plaintiff in error insists that his requested peremptory instruction should therefore have been granted.

■ The evidence is without dispute that Drake in the transaction of his business made his own contracts, employed, discharged and paid those working with him and instructed and controlled them with reference to their work.

Tanner employed Drake to run a string of pipe in a well, agreeing to pay him the customary charge of $40.00 for his and the services of his crew. Drake paid his men $6.50 each, which left him $9.00 as his earnings on the job, he furnished a car and gasoline to transport the men to and from their work, as well as the tools customarily furnished by a casing crew contractor, known as a "casing pole" and a "never-slip."

The Court of Civil Appeals correctly held that Drake was an independent contractor and not an employee. Security Union Ins. Co. v. McLeod, 36 S. W. (2d) 449 (Com. App.); Shannon v. Western Indemnity Co., 257 S. W., 522 (Com. App.); Wallace v. Southern Cotton Oil Co., 91 Texas, 18, 40 S. W., 399; Southern Surety Co. v. Shoemake, 24 S. W. (2d) 7 (Com. App.); Lone Star Gas Co. v. Kelly, 46 S. W. (2d) 656 (Com. App.); 23 Texas Jur., p. 542.

This disposes of all errors assigned in the application for writ of error.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court January 23, 1935.