## TEXAS EMPLOYERS' INS. ASS'N v. HUMPHREY.

### No. 5141.

Court of Civil Appeals of Texas. Amarillo.
April 1, 1940.

Rehearing Denied May 20, 1940.

Price & Moss, of Post, and Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellant.

Ben F. Thorpe and John E. Sentell, both of Snyder, and Grindstaff, Zellers & Hutcheson, of Weatherford, for appellee.

JACKSON, Chief Justice.

This suit was instituted by the appellee, W. W. Humphrey, in the District Court of Garza County against the appellant, Texas Employers' Insurance Association, to set aside an award of the Industrial Accident Board on his claim for compensation on account of accidental injuries he alleges he sustained on July 14,

1938, while in the employ of the Postex Cotton Mills which he asserts carried insurance with appellant for the protection of its employees.

The appellee alleges he was totally and permanently disabled by the accidental injury received in the course of his employment for the cotton mills company.

The appellant answered by general demurrer, numerous exceptions, general denial and specially pleaded that if appellee received any injuries as alleged and suffered any incapacity therefrom that such incapacity was not total but only partial.

No complaint is presented as to jurisdiction nor as to the sufficiency of the pleadings of either party and no extended statement thereof is required.

In response to special issues submitted by the court, the jury found, in effect, that W. W. Humphrey sustained accidental injuries on July 14, 1938, while in the course of his employment for the Postex Cotton Mills; that he was totally incapacitated for work by his injury and such total incapacity continued until the present time; that his total incapacity will not cease but is permanent; that the prior injury of appellee received in July, 1935, did not contribute to his present incapacity; that such incapacity is not due solely to disease or infection but the injury was the producing cause of his incapacity; that at the time he received this injury he was suffering with arthritis; that the injury aggravated the arthritis and his incapacity is due to the combined effect of the accidental injury and said arthritis; that $14.28 per week is a just and fair amount to both parties and it should be paid in a lump sum.

On these findings the court rendered judgment for appellee for $2,852 with cost and interest from the date of the judgment.

The appellant challenges as error the action of the court in failing to submit to the jury the question of whether appellee's incapacity, if any, is partial or whether his incapacity to work if total may be restored to partial capacity to work in one or two years.

The appellant objected to the court's charge for failure to submit the issue of partial incapacity, and the restoration of partial capacity in the future and presented requested issues which, in effect, submitted whether the incapacity was partial or, if total, then, would such total incapacity become partial in the future. The objection was overruled and the requested issues were refused by the court.

The appellee by a counter proposition asserts that the failure of the court to submit the question of partial incapacity did not constitute error, since the evidence shows conclusively that the appellee was totally incapacitated and would so continue, and no claim is made that he had refused medical treatment or was engaging in hurtful practices affecting his recovery. The issue of present or future partial incapacity was in no way submitted to the jury.

The appellee testified in substance that on July 14, 1938, he was in the employ of the Postex Cotton Mills in Post, Garza County, Texas, and while engaged in baling cotton waste with a press operated by man power the hooks used to keep the waste packed down in the machine failed to hold, the press lever slipped and struck him low on his left side and back with great force, knocked him down and made his whole side numb; that the accident occurred about eleven o'clock on Thursday morning and there was no one else in the room with him but, with the assistance of another man who later came in, he finished the bale of waste he was working on, went home to his lunch, came back and worked that afternoon and also the next day, Friday, but the press was not operated and he did light work; that after quitting time on Friday he consulted Dr. Williams, the company's physician, who examined him and bound his side and back in adhesive tape; that he remained under the treatment of Dr. Williams and his partner, Dr. Surman, until August 23, 1938, but his condition continued to grow worse, and on August 24th he employed an attorney and they together went to see Dr. Grady Shytles; that at the time of the trial he had lost some ten to twelve pounds; his shoulder, left side, hip and back still hurt all the time, and since the injury he had been unable to do any manual labor but that previous thereto he had no trouble; that he went to work on the highway in Garza County with a W. P. A. gang in April or May of 1936, used a pick and shovel, pitched caliche from the ground into a truck with a shovel, did his part of the work and allowed none of the other hands to outdo him; that he continued on that job until

he went to work with the Postex Cotton Mills in Post about April or May, 1937; that he had never had any pain in his left side or shoulder until he got this injury in July, 1938, but had some pain in his left hip when his ankle was hurt in 1935.

The record shows that on December 9, 1935 the appellee herein as plaintiff filed an amended petition in Cause No. 1403 in Dickens County styled W. W. Humphrey v. Texas Employers' Insurance Association, in which he claimed that he had on July 16, 1935, while employed by W. S. Crawford as a common laborer received accidental injuries which he alleged resulted in his total and permanent incapacity. He admitted while on the stand in this case that in the trial of the cause in Dickens County he testified the injury from which he was then suffering caused pain all the way from his foot to his shoulder and through his hip and back; that he also stated that he had lost about sixteen pounds in weight; that he was in bed seven or eight months, was walking on crutches in December, 1935, when the case was tried and did not work any until after he settled the Dickens County suit in March, 1936.

Dr. Shytles testified that neither his physical examination of appellee nor the X-ray pictures made of him disclosed any broken bones. He stated that in his opinion the appellee was suffering from arthritis which had existed some time prior to the injury the appellee received in the cotton mills; that the arthritis was indicated by the roughening of the bones of the vertebra, but that this pre-existing condition of arthritis was aggravated by the injury and the appellee's incapacity to work was total and permanent. He stated that when he examined appellee the first time, August 24, 1938, his teeth were in bad condition and the gums receded from the teeth and he recommended as a treatment for temporary relief diathermy with a possibility of a future surgical intervention; that his thought relative to future surgery was it might be necessary to drain a pus pocket that could form from the accumulation of serum from mashing or bruising and, in his opinion, the appellee was not able to do manual labor at the time he first examined him nor at the time he examined him some three or four days before the trial. However, on December 27, 1938, Dr. Shytles, in a let-ter to the Ætna Life Insurance Company of Dallas, Texas, regarding the injury of appellee in the Postex Cotton Mills, after stating he had previously furnished a detailed report of his examination to Mr. Humphrey's attorney giving a complete history of the case, continued: "This patient is at this time some worse than was when examined by me on September 2, 1938 due to the fact that he has been unable to get all of the proper medical treatment he should have; however, it is my opinion that unless he is given this treatment he will not improve but if given the treatment I have outlined he would likely fully recover within four or five months and would then be able to return to his work and his regular duties without further disability. The estimated total medical expense for this treatment to get the patient back to his regular duties is approximately $150.00."

It is admitted by all the medical testimony offered that appellee was afflicted with tonsilitis and pyorrhea which had produced the arthritis from which he was suffering when he was injured in the cotton mills and that the injury aggravated his arthritic condition. Dr. Williams, the physician of the company, testified in his opinion the appellee was suffering from chronic arthritis of a hypertrophic nature and that he would advise that his pyorrhea be treated by extracting his teeth which would cure the pyorrhea; that his tonsils be removed, require a correct diet and take some exercises; that from his experience and observation as a physician if such treatment should be followed, with the response that he would hope to get from such treatment he would expect that in from six months to a year Mr. Humphrey should be active again.

It will be noted that according to appellee's testimony he was injured in Dickens County on July 16, 1935, filed a suit in which he claimed total and permanent incapacity, stayed in bed several months and was on crutches when the Dickens County case was tried in December, 1935, did no work until that case was settled in March, 1936, but did go to work on the W. P. A. gang in April or May, 1936, loading caliche onto a truck with a shovel and doing as much work as the general average of hands on the job; that he held this position until employed at the Postex Cotton Mills in April or May, 1937. Dr. Shytles, in his letter

to the Ætna Life Insurance Company dated December 27, 1938, prior to the trial on April 6, 1939, stated appellee's condition, in his opinion, could be remedied by treatment.

Since the appellee in the instant case was the interested party, the jury was not required to accept his testimony as true. This witness was alone when the accident occurred and his evidence could not be controverted by appellant and there are circumstances which cast suspicion on his knowledge or veracity.

In Sturtevant et al. v. Pagel et ux., 130 S.W.2d 1017, 1018, Judge Hickman, speaking for the Supreme Court, says: "The Sturtevants were interested parties, and the rule is well established that jurors are not required to accept the testimony of such witnesses as true merely because it is not directly or expressly contradicted by other witnesses."

See also Moore v. Conway et al., Tex.Civ.App., 108 S.W.2d 954; Tanner v. Drake, 124 Tex. 395, 78 S.W.2d 162.

The opinion of Dr. Shytles, while testifying as an expert, was not binding on the jury on the issue of continued total incapacity. Under the record there was no marked difference in appellee's condition from December to April but the doctor revised his opinion.

Dr. Williams testified that in his opinion with proper treatment if appellee responded thereto as a physician would expect, appellee would be active in the course of six months or a year.

In National Life & Accident Co. v. Muckelroy et al., Tex.Civ.App., 40 S.W. 2d 1115, 1117, the court says: "That opinion testimony of physicians is but advisory in nature and may be disregarded by the jury if they see fit."

In American National Insurance Co. v. Park, Tex.Civ.App., 55 S.W.2d 1088, 1090, the court says: "The jury had the right to discard the testimony of appellant's medical examiner as an interested witness."

See also Southern Underwriters v. Stubblefield, Tex.Civ.App., 108 S.W.2d 557.

The probative force to be given to the testimony of experts is within the province of the jury and there is no rule of law which requires them to give conclusive effect to such testimony. Hodges v. Hodges, Tex.Civ.App., 111 S.W.2d 779;

Traders & General Ins. Co. v. Ray, Tex. Civ.App., 128 S.W.2d 80.

In determining whether a fact issue should be withdrawn from the jury, all adverse testimony should be discarded. Childers v. Texas & N. O. R. Co., Tex.Civ. App., 89 S.W.2d 478; Stevens et al. v. Karr, 119 Tex. 479, 33 S.W.2d 725.

It is well settled that the defendant in a compensation suit is entitled to an affirmative submission of its defensive issues that the injured party's incapacity is temporary or partial rather than permanent or total though such issues have been negatived by previous findings. Texas Employers' Ins. Ass'n v. Horn, Tex.Civ. App., 75 S.W.2d 301; Traders & General Ins. Co. v. Babb, Tex.Civ.App., 83 S.W.2d 778. See also Traders & General Ins. Co. v. Lincecum, Tex.Civ.App., 126 S.W.2d 692.

Appellant, by proper assignment, assails as erroneous since on the weight of the testimony and because it assumes appellee is totally incapacitated, special issue No. 8 given by the court, which is as follows: "Do you find from a preponderance of the evidence that such total incapacity for work will not cease in the future? Answer: 'His total incapacity will not cease' or 'His total incapacity will cease'." The jury answered: "His total incapacity will not cease." It is obvious that this issue as submitted by the court is upon the weight of the evidence and assumes that appellee is totally incapacitated. The jury was not instructed to answer this issue in the event they found that appellee was totally incapacitated from his injury while working in the cotton mills but it is an attempted submission of the permanency of appellee's total incapacity which total incapacity the court in the issue assumed to exist. This, as worded, in our opinion was erroneous. Texas Power & Light Co. v. Culwell, Tex. Com.App., 34 S.W.2d 820; Cannaday et al. v. Martin et al., Tex.Civ.App., 69 S. W.2d 434; Chicago, R. I. & G. Ry. Co. v. Hammond, Tex.Civ.App., 286 S.W. 483; City of Amarillo v. Rust, Tex.Civ.App., 45 S.W.2d 285; Texas Employers Ins. Ass'n v. Van Pelt, Tex.Civ.App., 83 S.W. 2d 392; Texas Employers Ins. Ass'n v. Ebers et al., Tex.Civ.App., 134 S.W.2d 797.

The appellant also urges as erroneous the special issues by which the court sub-

mitted whether or not appellee's incapacity, if total, was temporary. We deem it unnecessary to enter into a detailed discussion of this assignment as we think what has heretofore been said is sufficient to dispose thereof. If error is presented by the other propositions urged by appellant, they probably will not arise on another trial for which reason they are not discussed.

The judgment of the trial court is reversed and the cause remanded.