## HANNAH LITMAN v. HARVEY PEPER AND ANOTHER.[1]

January 2, 1943.

No. 33,254.

*Levine & Levine,* for appellant.
*Freeman & King,* for respondents.

[1]Reported in 7 N. W. (2d) 334.

HILTON, JUSTICE.

Appeal from an order denying plaintiff's motion for a new trial following a directed verdict for defendants.

The action is brought to recover for the wrongful death of one Ralph Litman resulting from an automobile collision. On September 2, 1941, Litman was driving in a westerly direction on highway No. 212. At the same time the truck of the defendant Amery Co-op Shipping Association was being driven by its employe, the defendant Harvey Peper, in an easterly direction on said highway. When the parties were about a mile and a half from Stillwater, Minnesota, decedent's car and the cattle rack of the association's truck collided, resulting in the shearing off of a foot and a half of the rack along its entire length. Decedent's car was entirely demolished, and by the time Peper got to it Litman was dead. Litman was alone in his car, while Peper had a friend with him, Leslie Kobs. The accident occurred in the afternoon. The weather was clear and visibility good.

The sole question is whether there was sufficient evidence of negligence on the part of Peper to go to the jury. Plaintiff's case is based on certain statements made by Peper to a police officer at the time of the accident and certain admissions made to plaintiff's attorney and to a brother-in-law of decedent about three weeks later. The officer testified that, on questioning Peper at the scene of the collision, "Mr. Peper stated that there was nothing that he could see out of the way about the car" of decedent. At the trial Peper testified that the Litman car was gradually bearing over to the center of the road. The officer stated that at the time of the accident "he [Peper] didn't say anything like that in regard to the car coming to the center of the road." On cross-examination by defendants, the officer testified that Peper claimed that his truck was always on its own side of the road. There was testimony by an alleged eyewitness that Litman's car was on the wrong side of the road. The passenger with Peper supported this statement in his testimony.

Decedent's brother-in-law testified that he and the attorney for

plaintiff went to Amery, Wisconsin, the association's place of business, and questioned Peper. It is claimed that Peper made admissions to the effect that Mr. Litman "was traveling at a reasonable rate of speed and on the right side of the road" and that "Mr. Peper said that the box of his truck must have been over the center of the road." Peper admitted having a conversation at that time and place but denied making the statements attributed to him.

It is the contention of defendants that admissions, standing alone, are not sufficient evidence on which liability for negligence can be based. But an admission may be made in such language and under such circumstances as to make it the most satisfactory kind of proof. Linderoth v. Kieffer, 162 Minn. 440, 203 N. W. 415. See Binewicz v. Haglin, 103 Minn. 297, 115 N. W. 271, 15 L.R.A.(N.S.) 1096, 14 Ann. Cas. 235, where the whole problem of the evidentiary value of admissions is discussed. An admission of fact is affirmative evidence. Its weight with the jury depends on the circumstances under which it is made and the character of the admission. Here, if the brother-in-law told the truth, Peper's statements to him were made under circumstances which would give them considerable weight, for the reason that they were made to a representative and to a relative of the widow, both of whom were investigating the accident and whose object could hardly have been mistaken. Whether Peper made the admissions is, on this record, a pure question of fact, and they are not eliminated by the form of the question asked on cross-examination.

Order reversed.