**RYALS et al.    v.    GARZA et al,**

No. 14751.

Court of Civil Appeals of Texas. Dallas.

Dec. 4, 1953.

Rehearing Denied Jan. 8, 1954.

against the Bank as garnishee for $971.62 and against Grem as garnishee for $367.87. Intervenor Sue Milligan Ryals has appealed.

The Bank first filed an answer in which it stated that it was indebted to Sue Milligan in the amount of $2.26 in connection with a checking account on which H. T. Ryals was authorized to sign. Phil Grem filed an answer denying that he was indebted to H. T. Ryals. Appellee De La Garza controverted the answers of both garnishees.

Thereafter the Bank filed an amended answer in which it states that it was indebted to Sue Milligan and/or H. T. Ryals in the amount of $898.26 on a checking account from which withdrawals might be made in the name of Sue Milligan by H. T. Ryals; and that it was further indebted on another account, a joint account of H. T. Ryals and Sue Milligan Ryals, in the amount of $73.36. The Bank made H. T. Ryals and Sue Milligan Ryals parties to the suit, alleging that it did not know whether the money in the two accounts was exempt or subject to appellee's garnishment suit.

Though appellant's pleadings allege that the money in both accounts is her separate property, the evidence narrows the fact issue down to $850 of the $898.26 in the account of Sue Milligan by H. T. Ryals.

Mrs. Sue Milligan Ryals herself was the only witness undertaking to explain the basis of her claim that the $850 is her separate property. She testified that some of the money had been earned by her between 1931 and 1938 prior to the time she married H. T. Ryals in 1938; that during the same period she had also been given some money by her father in Muskogee, Okla.; that she had kept the money in cash in her father's safety deposit box in a Muskogee bank; that in June or July 1952, she went to Muskogee, took the $850 from her father's safety deposit box, brought it back to Dallas, and turned it over to her husband, who deposited it in the Mercantile National Bank under the name Sue Milligan, which was her name before her marriage to H. T. Ryals. She had more than $850 in the box

———◆———

Biggers, Baker, Lloyd & Carver, Dallas, for appellants.

Carrington, Gowan, Johnson & Walker; Edward B. Winn; McKool & Bader and James Forest, Dallas, for appellees.

DIXON, Chief Justice.

This is a garnishment suit after judgment instituted by appellee E. De La Garza, judgment creditor of H. T. Ryals, against Mercantile National Bank, Garnishee, and Phil Grem, Garnishee. Mrs. Sue Milligan Ryals, appellant, joined by her husband H. T. Ryals, intervened, alleging that funds in the Bank in two accounts were her separate property, hence not subject to garnishment to pay the judgment against her husband. After a trial before the court without a jury judgment was rendered for appellee

but did not know how much. She was aware that a judgment of nearly $4,000 had been rendered against her husband earlier in 1952.

Mrs. Ryals further testified that she had not discussed the opening of the account with any of the officers of the Bank; that she was acquainted with the mechanics of opening a bank account; and that she had not made arrangements to place her signature on the signature card at the Bank.

The records of the Mercantile National Bank were produced at the trial in connection with the testimony of three of the Bank's employees. The account was opened June 5, 1952 by H. T. Ryals in the name Sue Milligan with a cash deposit of $850. The signature card made out at the time authorized withdrawals signed "Sue Milligan by H. T. Ryals." No one else is shown by the signature card to have been authorized to sign checks. The Bank employees testified that checks would be honored only upon the signature as shown by the card. Mrs. Sue Milligan Ryals' name does not appear on the signature card, nor did she attempt to write any checks against the account.

During the period June 5, 1952 to July 2, 1952, sixteen checks were drawn against the account totaling $665.74 and deposits were made totaling $714 so that on July 2, 1952 when the garnishment notice was served the balance in the account stood at $898.26. On the same day, but after the garnishment notice had been served, H. T. Ryals asked one of the officers of the Bank for permission to draw out the funds in the account. The Bank official, unaware of the garnishment, granted the permission. H. T. Ryals then cashed a check for $896, leaving only $2.26 in the account. When the Bank official learned that the garnishment notice had already been served, he communicated with H. T. Ryals and informed him that the $896 should be returned. However a deposit to cover the amount was not made until Aug. 13, 1952, which was the same day the Bank made a personal loan of $2,500 to H. T. Ryals.

The record does not disclose what H. T. Ryals did with the $896 (including the $850 claimed by appellant) during the forty-two days that elapsed between July 2, 1952 and Aug. 13, 1952, the latter being the date he personally borrowed $2,500 from the Bank and made a deposit of $896. When asked what he did with the money during the interim H. T. Ryals testified that he did not recall what he did with it. The record does disclose that after the deposit of $896 was made on Aug. 13, 1952, it was placed by the Bank with the $2.26 in a separate garnishment fund. Then on Aug. 18, 1952, the Bank filed its amended answer.

H. T. Ryals, as shown by his testimony and the signature card, is in the general contracting business. The sixteen checks written on the account were in connection with that business. The deposit of $714 dated June 28, 1952 is made up of two checks payable to H. T. Ryals from Atlas Plumbing and Heating Co., owned by Garnishee Grem. One check was for $528.16 marked subcontract "Leven job in full"; the other was for $185.84 marked "Bldg job Services." The latter reference is to a job which H. T. Ryals was doing for Garnishee Grem.

Appellant has presented three points on appeal: (1) There was no evidence offered to overcome the statutory presumption that the account to the extent of $850 in the name of Sue Milligan was her separate estate; (2) the uncontroverted evidence conclusively shows that the $850 was her separate estate; and (3) she is entitled to judgment for 6% interest on $850 for wrongful garnishment.

The statute referred to in appellant's first point is Art. 4622 V.R.C.S., which provides that funds on deposit in a bank in the name of husband or wife shall be presumed to be the separate property of the person in whose name they stand. The account under consideration stands in the name of "Sue Milligan," appellant's name before her marriage in 1938 to H. T. Ryals. Appellant, so far as the signature card shows, had not made arrangements to sign

checks against the account, nor did she ever exercise any control over it. The only signature on the signature card is that of her husband H. T. Ryals, and he is the only person who ever signed checks withdrawing money from the account, or ever made any deposits in it. Nevertheless the account stands in the name of appellant and in our opinion comes within the provisions of the statute.

■ However the presumption raised under the provisions of statute is rebuttable. Taylor v. Suloch Oil Co., Tex.Civ.App., 141 S.W.2d 657 (Dism.Judm.Cor.). The question before us then is this: Is the evidence sufficient to support the implied finding of the trial court that appellee had discharged the burden that was on him to rebut the statutory presumption?

■ The trial court did not file findings of fact or conclusions of law. Therefore every issuable fact will be presumed to have been found in favor of the judgment if there is evidence to support it. North East Texas Motor Lines v. Dickson, 148 Tex. 35, 219 S.W.2d 795, 11 A.L.R.2d 1065. Moreover the trial court as the trier of the facts was not bound to believe the testimony of interested parties, though their testimony was not expressly contradicted. The testimony of appellant and her husband was not conclusively binding on the court. It did present a fact issue for the court to decide. The trial judge could and obviously did look to other pertinent facts and circumstances shown in the record in reaching a decision contrary to appellant's claims as to ultimate fact issues. Tanner v. Drake, 124 Tex. 395, 78 S.W.2d 162 (Comm.App. opinion adopted); Bramlett v. Jenkins, Tex.Civ. App., 231 S.W.2d 539 (Ref. n. r. e.); Young v. Fitts, Tex.Civ.App., 183 S.W.2d 186 (Ref. w. m.).

■ We conclude that the evidence in the record is sufficient to support the implied finding of the trial court that the funds in controversy are not the separate estate of appellant. Cantwell v. Wilson, Tex.Civ.App., 241 S.W.2d 366; Taylor v. Suloch Oil Co., Tex.Civ.App., 141 S.W.2d 657 (Dism. Judg. Cor.); Ralls v. Ralls, Tex. Civ.App., 256 S.W. 688 (Dis.); Armingen v. Martin, Tex.Civ.App., 252 S.W. 1109; Hightower v. Hightower, Tex.Civ.App., 236 S.W. 197.

Appellant's three points on appeal are overruled. The judgment of the trial court is affirmed.

### On Rehearing

Appellant says that we erred in affirming the trial court's judgment because there is no *affirmative* evidence in the record to overcome the statutory presumption that the bank account in question was appellant's separate property.

■ Appellee in his affidavit controverting the Garnishee Bank's first answer alleged: " * * * that the said Sue Milligan is the wife of H. T. Ryals and that the money was placed in the account of Sue Milligan and/or H. T. Ryals in order to prevent the creditors from knowing that said funds belonged to H. T. Ryals, * *." Thus the issue of fraudulent concealment was brought into the case. Of course the burden was on appellee to support his allegation of fraud by a preponderance of the evidence. If he succeeded in doing so, we think he entirely satisfied the requirements of the law with reference to rebutting the statutory presumption relied on by appellant.

Obviously the trial court found against appellant on the issue of fraud; and if there is sufficient testimony in the record to support such finding we are bound by it.

■ We think there is sufficient evidence to support the court's finding. Fraud may be proved by circumstances. There are many Texas cases so holding. They are named in the annotations to 20 Tex.Jur. 158–160, sec. 108, so we shall not list them here.

■ The facts which constitute the circumstances are well supported in this case by affirmative evidence. They are admitted by appellant and her husband and are uncontradicted. Admission of a fact is af-

552

firmative evidence and may be made in such language and under such circumstances as to make it the most satisfactory kind of proof. Litman v. Peper, 214 Minn. 127, 7 N.W.2d 334.

Appellant's motion for rehearing is overruled.