**E. E. HOLT, Appellant,**

v.

**Annapearle HOLT, Appellee.**

**No. 3196.**

Court of Civil Appeals of Texas.

Waco.

Sept. 30, 1954.

Rehearing Denied Oct. 14, 1954.

W. C. Davis, F. L. Henderson, Bryan, Richard Cocke, Dallas, for appellant.

Pat S. Russell, Dallas, John M. Barron, Bryan, for appellee.

McDONALD, Chief Justice.

Plaintiff's suit is grounded upon the breach of a contract which had been merged into a judgment and she sued for actual and exemplary damages. Plaintiff is the divorced wife of Defendant. Just prior to their divorce they entered into a property settlement which was carried forward in the judgment of divorce. By the settlement and judgment the Plaintiff was to receive $5,000 cash on the day of the divorce and the sum of '$20,000, secured by lien on the homestead, to be paid when Defendant sold the homestead, but in any event no later than 1 January 1953. The settlement agreement and judgment further provided that in event of necessities and emergencies the Defendant would advance Plaintiff, prior to 1 January 1953, reasonable sums to be credited on the $20,000. By the property settlement agreement and judgment, Defendant received the bulk of the community estate. On 23 October 1951 the parties were divorced. Defendant paid Plaintiff the $5,000.

Shortly thereafter the $20,000 was credited by agreement with $3,000 by virtue of Plaintiff taking the Cadillac automobile which belonged to the community estate. Thereafter the Defendant made some effort to sell the homestead but was not successful in selling it. Thereafter, but prior to 1 January 1953, Plaintiff by letter requested Defendant to discharge the $17,000 due her under the property settlement and judgment. Plaintiff disregarded her request. Thereafter the Plaintiff wrote to the attorney for the Defendant alleging the existence of necessity and emergency and asking for a $5,000 advancement on the $17,000 due under the property settlement and judgment. Defendant's attorney advised Plaintiff that Defendant had not sold the house but was making every effort to do so and told the Plaintiff that Defendant could borrow $10,000 on the house from the Bryan Building & Loan Association, which, if borrowed, would be paid to her and credited on the $17,000, but that for the $10,000 to be borrowed it would be necessary that she execute a subrogation of her lien on the homestead to the Bryan Building & Loan Association before they would make the loan. Plaintiff refused to subrogate her lien and the loan was never effected.

On 1 January 1953 the Defendant had not paid the $17,000 and shortly thereafter Plaintiff filed suit for collection of same, foreclosure of lien on the homestead, attorney's fees, and for exemplary damages.

By trial amendment filed two days after the trial began Plaintiff sought to set up such conduct on the part of Defendant in refusing to pay the $17,000 indebtedness under the contract and judgment as would entitle her to exemplary damages. She alleged in substance that at the time of the property settlement the Defendant knew that he was not going to abide by the agreement and that he knew that his failure to do so would cause the Plaintiff to go into a state of hysteria and uncertainty, and that he then had the purpose and design of oppressing and duressing the Plaintiff into accepting a lower sum of money than contained in the property settlement agreement, and for which purpose he made his promises

to pay as set out therein while secretly he had no intention of fulfilling them.

Trial was before the court and to a jury. The issues as to the amount owed under the judgment and attorney's fees were submitted to the court, which awarded judgment for $18,691.17, which represented the $17,000 sued for less certain offsets, plus interest, plus attorney's fees in the amount of $1,400.

An issue was submitted to the jury and the jury found that the Defendant's failure and refusal to pay the Plaintiff her share of the community property as agreed, was accompanied by malicious acts and conduct, with knowledge that said malicious acts and conduct would result in damage to the Plaintiff. The jury were further instructed that exemplary or punitive damages may be assessed as punishment for a wrongful act done, if any, if the facts warrant the same, but that they must believe and find from a preponderance of the evidence that in failing and refusing to comply with the property settlement agreement and judgment, if he did, the Defendant was actuated by some evil intent or with such gross negligence and disregard of the rights of the Plaintiff as to be deemed equivalent to such evil intent. With the above definition before it the jury found that the Plaintiff was entitled to $4,000 as exemplary damages.

The Court entered judgment for the Plaintiff for the sum of $18,691.17, together with foreclosure of lien on the former homestead, of Plaintiff and Defendant, and further rendered judgment for the Plaintiff for the sum of $4,000 as exemplary damages.

Thereafter the Defendant tendered into court the sum of $18,691.17, together with the additional sum of $140.17, being interest on the foregoing amount from the date of judgment to the date of tender; and comes properly before this court on appeal from that portion of the judgment in the amount of $4,000 which was rendered against him as exemplary damages.

The Defendant contends on this appeal: 1) that the evidence only disclosed that he

failed and refused to pay the debt declared upon by reason of the property settlement and judgment, and that such evidence, whether accompanied by malicious and oppressive acts and conduct or not, is insufficient to support a judgment for exemplary damages; 2) and further, that there is no evidence of malicious or oppressive conduct on his part, other than his failure to pay the indebtedness sued for.

As we view this case, the sole issue for determination is: Can the Plaintiff recover exemplary damages for Defendant's failure to comply with the terms of the property settlement agreement and judgment, when Defendant's failure to comply with same is not accompanied by a tort?

■ The rule in this State is that exemplary damages cannot be recovered for a breach of contract, where the breach is not accompanied by a tort, even though the breach is brought about capriciously and with malice. Carter Lumber Co. v. Saide, 140 Tex. 523, 168 S.W.2d 629; Houston & T. C. Ry. Co. v. Shirley, 54 Tex. 125; Hooks v. Fitzenrieter, 76 Tex. 277, 13 S.W. 230; Oklahoma Fire Ins. Co. v. Ross, Tex. Civ.App., 170 S.W. 1062; Consumers' Lignite Co. v. James, Tex.Civ.App., 204 S.W. 719; Cochran v. Hall, 5 Cir., 8 F.2d 984; 25 C.J.S., Damages, § 120, p. 716; 15 Am.Jur., 709; 13 Tex.Jur. 245; Annotation, 84 A.L. R. 1352.

The above rule was recently reaffirmed by this court in Alamo Boiler & Machine Works v. Phillips, Tex.Civ.App., 215 S.W. 2d 933, which was on facts presenting a much stronger case for exemplary damages than are present in the case at bar. (See additional authorities therein collated).

■ We have carefully examined the record before us and it is our view that not only is there no evidence of tortious conduct, but that the evidence tendered fails to raise an issue of malicious and oppressive acts or conduct on the part of the Defendant. Consequently the Trial Court erred in allowing the recovery of exemplary damages against the Defendant.

It follows that the portion of the judgment of the Trial Court allowing exemplary damages is therefore Reversed and Rendered, and that the judgment is in all other respects Affirmed.

Affirmed in part, reversed and rendered in part.