Mrs. Hallman HOLT, Appellant,

v.

The CITY NATIONAL BANK OF BRYAN,
Texas, Appellee.

No. 3218.

Court of Civil Appeals of Texas.

Waco.

Dec. 21, 1954.

Rehearing Denied Jan. 6, 1955.

Grace & Palmos, Hearne, for appellant.

F. L. Henderson, John M. Lawrence, III, Bryan, for appellee.

McDONALD, Chief Justice.

This is a suit by Mrs. Hallman Holt, a feme sole, to recover from The City National Bank of Bryan $1,000.25, which was deposited there by her and in her name while she was married to Dr. E. E. Holt. Parties will be referred to as in the Trial Court. (For background see Holt v. Holt, Tex.Civ.App., 271 S.W.2d 477, which involves some of the same parties and subject matter). Plaintiff's husband, Dr. E. E. Holt, in February 1951, was permitted by the Defendant Bank to withdraw the money without any authority from plaintiff. Subsequent to the withdrawal of the money in October 1952, Dr. Holt and plaintiff were divorced, and a judgment was entered settling all property rights between plaintiff and Dr. Holt. After the divorce, in July 1953, plaintiff made demand on the Defendant Bank for the money deposited in her name, and on refusal of the demand filed suit.

The Trial Court overruled plaintiff's motion for an instructed verdict and submitted the case to a jury, which found, in answer to Special Issues: 1) that the money on deposit in Defendant Bank was the community property of plaintiff and Dr. Holt at the time that the Bank permitted Dr. Holt to withdraw it; and 2) that the property settlement of plaintiff and Dr. Holt entered into at the time of their divorce and the judgment thereon took into consideration and settled the item of the $1,000.25, for which plaintiff brought this suit.

The Trial Court overruled plaintiff's motion for Judgment Non Obstante and for New Trial, and plaintiff appeals to this court upon 8 Points, but which present one basic contention, to-wit: Plaintiff is entitled to judgment under the facts in this case because of Article 4622, R.C.S., which provides that *funds on deposit in any bank in the name of the husband or wife, shall be presumed to be the separate property of the party in whose name they stand, and unless said bank is notified to the contrary, it shall be governed accordingly in honoring checks against such account.*

In the case at bar the $1,000.25 was on deposit in plaintiff's name with Defendant Bank—and Defendant Bank paid the money out on check written by plaintiff's

husband—and without plaintiff's express authority. It is the contention of the plaintiff that the above facts entitle her to judgment against the Bank regardless of any other facts or circumstances. We cannot agree with the plaintiff's contention. It is our view that Article 4622 cannot supplant or destroy the Constitutional and Statutory community property laws of this State, which give the husband the right to deal with and dispose of community property of the husband and wife during coverture. We believe that the case was properly submitted by the Trial Court on Special Issues and that the answers to the Special Issues are abundantly supported by the evidence.

Article 4622, R.C.S. creates a presumption that money on deposit in the name of one spouse is the separate property of the spouse in whose name the deposit stands—but this is a rebuttable presumption. Cantwell v. Wilson, Tex.Civ.App., 241 S.W.2d 366; Ryals v. Garza, Tex.Civ. App., 264 S.W.2d 548; Taylor v. Suloch Oil Co., Tex.Civ.App., 141 S.W.2d 657; Hoffer v. Eastland Nat. Bank, Tex.Civ. App., 169 S.W.2d 275; Callaway v. Clark, Tex.Civ.App., 200 S.W.2d 447 (Er. Ref.). In the case at bar the jury found and the evidence abundantly supports the finding that the money was community property of plaintiff and her husband Dr. Holt—and under our community property law Dr. Holt had the right to withdraw the money. The most that can be said for plaintiff's case and contention as to Article 4622 is that the Bank, in honoring the check of plaintiff's then husband, acted at its peril that the funds were actually the community property of the plaintiff and her husband. Since the presumption that the money on deposit in plaintiff's name is her separate property is rebuttable under Article 4622, R.C.S.—and since this presumption was rebutted; the jury so finding and their finding being supported by the evidence; Dr. Holt had a right to withdraw the money and the Defendant Bank cannot be held liable.

Further to the above, since the plaintiff has already received an accounting of the $1,000.25 in the property settlement accompanying her divorce, she does not come before this court with clean hands; and to permit her to recover would permit her to use the courts to make a double recovery, which, under the principles of equity as recognized by our courts, cannot be accomplished.

We have carefully considered all of plaintiff's Points and conclude that none of same present reversible error. The judgment of the Trial Court is accordingly affirmed.